**BLUNT v. CHICAGO, R. I. & P. R. CO. et al.**

No. 8366—Opinion Filed June 11, 1918.

(173 Pac. 656.)

**1. Death—Wrongful Death — Damages— Statute.**

In an action brought under section 5281, Rev. Laws 1910, for wrongful death of a spouse, parent, or child, the plaintiff is limited in damages to pecuniary loss sustained by the wrongful death.

**2. Same—Party Plaintiff.**

In all cases arising in this state for the death of a husband, where such death is occasioned by the wrongful act or omission of any person or corporation, where it is shown his residence at the time of the death was in this state, and where no personal representative or administrator has been appointed, the action is properly

brought by the widow in her own name.

(Syllabus by Pryor, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Alice Blunt against the Chicago, Rock Island & Pacific Railroad Company and William Barnes. Verdict and judgment for plaintiff, motion for new trial sustained, and plaintiff brings error. Judgment granting a new trial affirmed.

W. S. Pendleton, John R. Guyer, and R. A. Rogers, for plaintiff in error.

R. J. Roberts, C. O. Blake, W. H. Moore, John E. DuMars, and Abernathy & Howell, for defendants in error.

Opinion by PRYOR, C. This action was brought by Alice Blunt, plaintiff, against the Chicago, Rock Island & Pacific Railroad Company and William Barnes, in the superior court of Pottawatomie county, for the recovery of damages for the wrongful death of her husband, Arthur Blunt.

The petition of plaintiff alleges that she is the widow of Arthur Blunt, and that on or about the 20th day of November, 1913, the deceased, Arthur Blunt, discovered that a blind mare belonging to him had wandered upon the tracks of the defendant company about one-quarter of a mile east of the depot of said company in the town of Earlsboro; that the deceased immediately upon the discovery of said animal upon the tracks of said company went upon said tracks for the purpose of removing said animal from said tracks, and while engaged in his attempt to remove the animal from said tracks, deceased was, by and through the carelessness and negligence of the defendant's employes, struck by a freight train belonging to said company, and received injuries from which he died within 20 or 30 minutes thereafter; that the engineer on said train was William Barnes, one of the defendants; that the death of Arthur Blunt was entirely and proximately caused by the wrongful acts and negligence of the defendant and its servants and agent, William Barnes.

The answer of the defendant Barnes is a general denial. The answer of the defendant company is a general denial and plea of contributory negligence.

Upon trial of said cause to a jury there was a verdict in favor of the plaintiff and against the defendants in the sum of $1,800.33. The defendants filed in due time a motion for a new trial which upon consideration by the trial court was sustained, and a new trial of the cause granted. From the order granting a new trial the plaintiff

appeals. The trial court, as shown by the order granting a new trial, granted same for the reason that the court had erred in its instructions to the jury as to the law governing the case. One of the instructions complained of is as follows:

"If you find for the plaintiff, you may award her such damages as you may find from the evidence will fairly and reasonably compensate her for the detriment she has proximately sustained in the loss of her husband, taking into account the deceased's earning capacity during his life expectancy, and you may also take into consideration the damage, if any, suffered by plaintiff on account of the loss of the society and association of her husband, the deceased, your verdict is no event to exceed $20,000, the amount sued for in the petition."

The defendants' contention is that this instruction is erroneous for the reason that it allows the jury to consider as an element of damage the loss by plaintiff "of the society and association of her husband," the deceased.

"By the great weight of authority, in an action by parents for the wrongful death of their child, by a husband or wife for the death of his or her spouse, or by next of kin for the wrongful death of the decedent, damages cannot be recovered for the loss of the society of the deceased." 13 Cyc. 371.

This rule is supported by citations of authority from many of the states in the Union. It is especially supported by the following cases: A., T. & S. F. R. Co. v. Wilson, 48 Fed. 57, 1 C. C. A. 25; Schaub v. Hannibal & St. J. R. Co., 106 Mo. 74, 16 S. W. 924; Kansas Pac. R. R. Co. v. Cutter, 19 Kan. 83.

It seems to be well settled that the only element of damages on account of wrongful death is for pecuniary loss. The following Oklahoma cases, while not decisive of the precise question under consideration, seem to limit the damages for wrongful death to pecuniary loss: Muskogee Elec. Traction Co. v. Hairel, 46 Okla. 409, 148 Pac. 1005; Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pac. 678.

In Big Jack Mining Co. v. Parkinson, supra, it was held:

"In such action the measure of damages is the pecuniary loss suffered by the widow and minor children by reason of being deprived of the care, protection, and support of the deceased, to be determined by the age, physical condition, occupation, earning capacity, habits, and the use made by the deceased of his earnings."

It must therefore be held that the court

erred in instructing the jury that it might consider the loss of society and association of the deceased as an element of damages.

The defendants urge here that the widow is not the proper party plaintiff to bring this action for the wrongful death of her husband.

Section 5282, Rev. Laws 1910, which follows immediately the section giving the right to sue for wrongful death, is as follows:

"In all cases where the residence of the party whose death has been caused as set forth in the preceding section, is at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where is no widow, by the next of kin of such deceased."

This section clearly makes the widow, where there is no personal representative or administrator appointed, the proper party plaintiff to bring such action.

This section was construed in the case of Okla. Gas & Elec. Co. v. Lukert, 16 Okla. 397, 84 Pac. 1076, wherein it was held:

"In all cases in this territory for the death of a husband, where such death is occasioned by the wrongful act or omission of any person, or corporation, and where it is shown that the residence of the husband at the time of the death was in this territory, and that no personal representative or administrator has been appointed, the action is properly brought by the widow in her own name."

It must be held under the above construction placed upon it by the Supreme Court of the territory that the widow of the deceased, there being no representative or administrator appointed, is the proper party plaintiff to maintain this action, but, as shown above, the court erred in its instructions to the jury, and therefore committed no prejudicial error by granting the defendants a new trial.

Therefore, the judgment of the lower court granting a new trial should be affirmed.

By the Court: It is so ordered.