**SAMPLE et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 35660.

Supreme Court of Oklahoma.

Oct. 20, 1953.

Rehearing Denied Nov. 10, 1953.

Merle G. Smith, Guthrie, for petitioners.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original action in this court to review an order of the State Industrial Commission denying an award to Louis Sample and Pearl Sample who, as parents and next of kin of Scottie Louis Sample, deceased, filed a claim with said Commission against his employer, G. I. Construction Company, and its insurance carrier, Western Casualty & Surety Company, seeking recovery for his death, under the provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. The parties will be referred to as claimants and respondents, as they appeared in proceeding before the Commission.

Scottie Louis Sample, a nineteen year old son of the claimants met his death on August 11, 1951, as the result of an accidental personal injury arising out of and in the course of his employment by the respondent. The claimants filed a claim with the State Industrial Commission to recover death benefits under the provisions of the Workmen's Compensation Law. At the hearing, the parties, by stipulation, agreed upon all essential facts except as to whether or not the claimants were "dependents of the deceased employ-

ee", as required by 85 O.S.1951 § 22, subd 7 and § 3.1(1). Evidence was produced on that point by the testimony of the father of said deceased, one of the claimants herein. The Commission denied an award upon the grounds that the evidence did not establish that fact. The present action is for vacation of the order based upon such finding.

It is provided by 85 O.S.1951 § 22, subd. 7, that death benefits under the Workmen's Compensation Law are payable "to the dependents of the deceased employee as defined herein." Section 3.1(1), of the same title provides that "The term 'Dependent' or 'Dependents,' as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma." In the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, we discussed these statutory provisions and pointed out that, under the wrongful death statute, 12 O.S.1951 § 1053, as abrogated by the Death Benefit provisions of the Workmen's Compensation Law, the designated persons could have a cause of action and yet not be entitled to recover because of not having sustained a pecuniary loss by reason of the death of the employee. That conclusion was founded upon the holding therein that, under the Death Benefit provisions of the Workmen's Compensation Law, only those persons could recover who could have recovered under the provisions of 12 O.S. 1951 § 1053, prior to the amendment of Art. XXIII, § 7, of the Oklahoma Constitution in 1950.

Therefore, under the Workmen's Compensation Law, as was said in the case of Blunt v. Chicago, R. I. & P. Ry. Co., 70 Okl. 149, 173 P. 656, 657, with reference to recovery under the wrongful death statute, "the only element of damages on account of wrongful death is for pecuniary loss."

Turning now to the record in the instant case, there is no evidence that the deceased ever contributed or would ever have been expected to contribute anything, either money or services, toward the sup-

port of either of the claimants. His father testified, as follows:

"Q. Now, did you depend on him at all for any support? A. No, sir.

"Q. He kept whatever money he made himself, didn't he? A. Yes, sir.

"Q. To take care of his expenses? A. That's right.

"Q. Your daughters, or your daughters children, he didn't support any of them did he? Didn't give any money to any of them, did he? A. No.

"Q. He didn't give money to anybody else? A. No.

"Q. Just himself? A. That's right.

"Q. You do know that is the fact? A. That's right.

Thus the record affirmatively shows that the claimants suffered no pecuniary loss by reason of the death of their son. As tragic as these occurrences are, there can be no recovery therefor unless there has been a pecuniary loss. The rule was stated in the Fuller case above in the following language:

"The amount recoverable is measured by the pecuniary loss each sustains by reason of the death. The total amount of such recovery is now fixed at $13,500 * * *." [206 Okl. 638, 245 P.2d 1140.]

The claimants here argue that, in the same accident in which their son was killed, George Ival Osborn was also killed and that this court affirmed an award in favor of his parent for his death. G. I. Construction Co. v. Osborn, 208 Okl. ——, 257 P.2d 1056; that the two cases are identical and should reach the same conclusion. But, the facts on the vital issue of pecuniary loss are different and, because of such difference, the Commission made an award in the Osborn case and denied an award in the instant case. In the Osborn case, the widowed mother of the deceased was the claimant. Her son deposited the money he earned in a bank account which was jointly in his and her names. The mother owned a laundry and work shop and her son worked in it, allowing his mother to use the entire income for her support. These facts establish that the deceased was, by his labor, assisting in his mother's support and intended to continue to assist in that support. Otherwise he would not have placed his earnings at her disposal.

■ In both cases we are bound by the rule that on questions of fact, we cannot weigh the evidence but are bound by the order of the Commission when it is reasonably supported by competent evidence.

The order is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, and WILLIAMS, JJ., concur.

ARNOLD, J., concurs on stare decisis.

ARNOLD, Justice (concurring specially).

The question of whether the death benefit provisions of the Workmen's Compensation Law applies is a jurisdictional question, the evidence on which question we should review, weigh and determine. I think the evidence here reasonably supports the finding of the Commission and I think we should determine the jurisdictional question as the Commission did; however, we have heretofore held as the opinion points out that the finding of the Commission on this question will not be disturbed if reasonably supported by competent evidence. For this reason I concur.