### JAGGERS
v.
### NEWTON BARRETT DRILLING CO.
No. 35742.

Supreme Court of Oklahoma.

Jan. 12, 1954.

Rehearing Denied March 23, 1954.

Application for Leave to File Second Petition for Rehearing Denied April 6, 1954.

Williams & Hansen, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for respondents.

PER CURIAM.

This is an original proceeding in this court to review an order of the State Industrial Commission denying an award for the death of her son, Henry Charles Jaggers, to Laura Jaggers, as claimant, against his employer, Newton Barrett Drilling Company, respondent, and its insurance carrier, Tri-State Insurance Company. The parties will be referred to as they appeared before the Commission.

On December 27, 1951, claimant's decedent met his death as the result of a fall, said accidental personal injury arising out of and in the course of his employment by respondent. Claimant sought recovery therefor under the death benefit provisions of the Workmen's Compensation Act. After full and complete hearing, the Commission ordered,

"* * * that claimant's claim for compensation should be denied for the reason she was not a dependent of Henry Charles Jaggers at the time of his death."

and this proceeding was filed for a review of that order.

The only question in the case is whether or not the claimant was a dependent of her deceased son within the purview of the provisions of 85 O.S.1951 § 22, subd. 7 and § 3.1(1). The deceased was 29 years old at the time of his death and made his home separate and apart from claimant. He had been married in September of 1940 and divorced in December of the same year. He had never had any children. His father died in 1935. His mother, claimant in the Industrial Commission, remarried in 1937 and was divorced within about a year. In 1943 she married again and was divorced from this last husband about a month after her son's death. From 1942 to 1945, her decedent was in the army, during which time his dependency allotment payments were made to her. As to the situation after 1945, and until the death of her decedent, more than six years later, claimant testified as follows:

"Q. You say that during the time he was in the army he was sending you money? A. After he went into service in 1942; he served three years.

"Q. How much did he send you in money while you were married to Mr. Compton and to Mr. Gilmore? A. Well, while I was married to Gilmore he was not in the army. He was sending me his check while he was in the army and during the war, you know, and I was married to Mr. Compton and he was sending me a check before

I married Compton and he kept on sending it.

"Q. Did he make an allotment to you? A. Yes, sir.

"Q. Now, after he left the army, when did he get out? A. He got out in 1945.

"Q. When he came back and started to work did he send you money regularly? A. Every now and then. Maybe he would get a pretty sized check and he would always send me ten or fifteen dollars, something like that.

"Q. But it did not come at any regular interval? A. Oh, no."

\* \* \* \* \* \*

"Q. Since he was out of the military service, how much did he send you? A. I don't believe it would have been over twenty-five or thirty dollars.

"Q. You did not have to have the money to live and exist? A. That is right, I did not have to."

Her further testimony was to the effect that before her son's death, they had made plans that she would secure a divorce and that he would purchase a house to be used as a home by both of them. However, at the time they were making these plans, she and her then husband owned a home in McAlester, Oklahoma. That home was sold and the money divided when she and her husband were divorced. Her share of the money amounted to something over $2000. At the time of the hearings, she was living with another son in Shawnee, Oklahoma. Based upon this evidence, the Commission found that claimant had not established her dependence upon the deceased. With this order we agree.

In the recent case of Sample v. State Industrial Commission, Okl., 262 P.2d 889, it was held that no recovery could be had by claimants who had suffered no pecuniary loss by the death and who were in no wise dependent upon the deceased. It was there also that the rule was restated to the effect that a determination by the Commission as to dependency in this type of case would not be disturbed on review where such finding was reasonably supported by competent evidence.

Those rules of law are here applicable and are determinative of the issues presented.

The order is sustained.