## EARLEY

v.

## TRIGG DRILLING CO. et al.

### No. 35697.

Supreme Court of Oklahoma.

April 27, 1954.

See also 269 P.2d 977.

A. W. Mauldin and James C. Williamson, Oklahoma City, for petitioner.

George E. Fisher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an order of the State Industrial Commission whereby Will Earley, as claimant, was denied an award against Trigg Drilling Company and its insurance carrier, Traders and General Insurance Company, as respondents, for death benefits under the provisions of the Workmen's Compensation Law, for the death of claimant's son, Walter Russell Earley, in the course of his employment by the respondent drilling company. The parties will be referred to as they appeared before the Commission.

The sole question here presented for determination is whether or not the Commission was warranted in holding that the claimant was not a dependent of his deceased son under the provisions of 85 O.S. 1951 § 22, subd. 7. The relevant part of the Commission's order is as follows:

"That on March 27, 1952, Walter Russell Earley, decedent, was in the employ of the respondent and engaged in a hazardous employment, subject to and covered by the provisions of the Workmen's Compensation Law, and on March 27th, 1952, Walter Russell Earley was killed in the course of his hazardous employment at Lindsey, Oklahoma.

"That Walter Russell Earley, decedent, left surviving a father, Will Earley, at the time of his death, but Will Earley, by his own testimony and additional evidence was not dependent

upon decedent at the time of his death and his claim is hereby denied."

Claimant, who appears here as petitioner, argues that "The undisputed credible testimony is sufficient to establish the status of this petitioner as a dependent and the Commission may not disregard such testimony." Claimant did testify that he was dependent upon the deceased but that was merely a conclusion. The record discloses that as to a number of points he was vague and evasive. However, he did testify that he owned a 170 acre farm near Duncan which had been his homestead for many years. At the time of the hearing it was being occupied and used by one of his daughters and her husband. They lived in the house and had a number of cattle for which they raised feed. He had sold an oil lease on it previously for some $5,100 and, since that time, had been receiving $170 annually as delay rental. He had government bonds and bank deposits aggregating about $2,000 to $3,000. He owned another farm in Pontotoc County from which oil was being produced and from which he received about $25 per month royalty. He donated various amounts to his deceased son as well as having the son make donations to him. Also the deceased son had borrowed money from him.

From this outline of the testimony it is readily apparent that the instant case is materially different from the cases of Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931, and G. I. Const. Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056, cited and relied upon by claimant.

In the recent cases of Sample v. State Industrial Commission, Okl., 262 P. 2d 889, 890, and Jaggers v. Newton Barrett Drilling Co., Okl., 268 P.2d 285, it was held, that,

"Under the death benefit provisions of the Workmen's Compensation Law, no recovery can be had for the death of an employee, by claimants who have suffered no pecuniary loss thereby and who were in nowise dependent upon the deceased.

"A finding by the State Industrial Commission as to dependency, under the death benefit provision of the Workmen's Compensation Act, will not be disturbed on review where such finding is reasonably supported by competent evidence."

 The finding of the Commission in the case at bar was reasonably supported by competent evidence. Being so, under the above quoted rules, it will not be disturbed on review.

Order sustained.