Carl TICER, d/b/a Ticer Motor and Equipment Company and Universal Underwriters Insurance Company, Petitioners,

v.

Lorena ROSS, Administratrix of the Estate of Lewis Leonard Benson, deceased and the State Industrial Commission, Respondents.

No. 36244.

Supreme Court of Oklahoma.

Nov. 30, 1954.

Rehearing Denied Dec. 21, 1954.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for petitioners.

Sparks & Boatman, Woodward, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

Lorena Ross, administratrix of the estate of Lewis Leonard Benson, filed her claim for compensation under the Death Benefits Act, 85 O.S.1951, § 22, subd. 7, for the death of said Lewis Leonard Benson which it is admitted was caused by an accidental injury arising out of and in the course of his employment with Carl Ticer, doing business as Ticer Motor and Equipment Company. An award was made for the maximum amount of $13,500 and the employer and its insurance carrier Universal Underwriters Insurance Company bring this proceeding to review the award.

The award is in part as follows:

"That the decedent, Lewis Leonard Benson, left as his sole surviving heirs at law the following:

"His mother, Mrs. Grace Lively, formerly Benson; His father, W. E. Benson; His sister, Lorena Ross; His sister, Lois B. Benson; His brother, Leslie E. Benson.

"That decedent had never married and left no surviving wife or children.

"That Lorena Ross, a sister of decedent, was a dependent of decedent and was receiving a substantial contribution from him at the time of his death, but that she is a secondary heir, inasmuch as decedent leaves a surviving mother and father, and that Lorena Ross therefore is not entitled to share in the award herein made.

"That the decedent, Lewis Leonard Benson, was a minor, being twenty years of age at the time of his death; that he was paying all of his own school expenses as well as his personal expenses; that he had contributed in the past to the support of his mother, Mrs. Grace Lively, formerly Benson; that his mother and father were both legally responsible for his support and education; and that his mother and father, by reason of their relationship to decedent, had reasonable expectation of future support and benefits at the hands of decedent, and by law are the only surviving dependents preferred heirs at law of the decedent.

"That Lorena Ross, his sister, is also the duly appointed, qualified and acting administratrix of the estate of the decedent, Lewis Leonard Benson, and is the proper person to file and prosecute this action on behalf of W. C. Benson and Mrs. Grace Lively, formerly Benson, father and mother and surviving dependent heirs of the decedent."

"That by reason of the accidental injury and resulting death of Lewis Leonard Benson, Lorena Ross, Administratrix of his estate, is entitled to receive and recover the sum of $13,500.00 from respondent and/or insurance carrier, and to hold same in trust and pay out as follows:"

(1) The costs of administration and expenses of last illness and funeral of Lewis Leonard Benson, deceased;

(2) The balance to be divided and paid in equal shares to W. E. Benson and Mrs. Grace Lively, formerly Benson, father and mother of Lewis Leonard Benson, deceased.

"It Is Therefore Ordered that respondent and/or insurance carrier pay to Lorena Ross, Administratrix of the estate of Lewis Leonard Benson, deceased, the sum of $13,500.00 to be held by her in trust and paid out as follows:

"(1) The costs of administration and expenses of last illness and funeral of Lewis Leonard Benson, deceased.

"(2) The balance to be divided and paid in equal shares to W. E. Benson and Mrs. Grace Lively, formerly Benson, father and mother of Lewis Leonard Benson, deceased."

The single issue presented is that the evidence is insufficient to establish that the deceased, hereinafter referred to as Lewis, left dependents within the meaning and definition of the Death Benefits Act. The evidence discloses that Lewis was born December 7, 1932, and lived with his parents until May 9, 1944, when they were divorced. He lived with his mother in her custody by decree of court until 1948 when he went to live with his father, W. E. Benson and lived with him until some time in August, 1952. Thereafter he lived in a rented room until some time in November or December, 1952. He moved into a three room house occupied by his sister, Lorena Ross, and her husband and three small children where he slept in the living room. He took his meals there and during the time he stayed there she testified he paid her $15 per week. He was killed January 13, 1953, in an accident caused by a fire at the premises of his employer.

The mother is remarried and is known as Grace Lively. As such she testified substantially as above set out as to the activities and death of Lewis. She stated that Lewis gave his step-father some money while living with her. She does not state the amount. She further stated she got none of it. It does not appear in the record whether the money was given to her present husband. She was questioned as to how many times she had been married and this line of evidence was excluded as improper so the record is uncertain as to whom she meant when she said Lewis paid his stepfather some money. She makes no claim that she is a dependent of Lewis and offered no testimony to show she expected support from him.

W. E. Benson is also remarried. He testified that two summers while Lewis was not in school he paid $5 a week for board. He did not claim that he was dependent on Lewis for support or that Lewis was expected to contribute to his support. He stated that Lewis was a grown man, he expected him to keep his wages and that he did so.

Lorena Ross testified that Lewis came to live with her as above stated in the early part of November, 1952. A roommate of Lewis testified that Lewis roomed with him in an apartment until December 15, 1952. This conflict in testimony is nowhere resolved by the order and finding of the State Industrial Commission.

Under the decisions of this court in Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134 and Sample v. State Industrial Commission, Okl., 262 P.2d 889, 890, the parents were not dependents of their son Lewis. Neither W. E. Benson nor Grace Lively, living separately, made any claim of dependence. The isolated payments in two summers of not more than $5 per week, long before the date of the accident and the statement of Grace Lively that at some time prior to 1952 Lewis gave his step-father some money is insufficient evidence of dependency required by the rule announced in Sample v. State Industrial Commission, supra. Therein we said:

"Under the death benefit provisions of the Workmen's Compensation Law, no recovery can be had for the death of an employee, by claimants who have suffered no pecuniary loss thereby and who were in nowise dependent upon the deceased."

■ The evidence is insufficient for the basis of a finding that the parents were dependents of Lewis. They made no claim of dependence and offered no evidence for the purpose of establishing that either was a dependent.

■ The State Industrial Commission found Lorena Ross was a dependent in a secondary class. It thereupon entered a supplemental order distributing $6250.00 to Grace Lively and $6250.00 to W. E. Benson. This was the entire award less the attorney fee. We find it unnecessary to determine whether the State Industrial Commission erred in this finding as to the dependence of Lorena Ross or whether this evidence is sufficient basis for a finding of dependence of Lorena Ross. Lewis roomed and boarded at her place. It was a matter of convenience for both of them. We think it immaterial as to why she took him in, how much he paid, and how much profit, if any she made. So far as the relationship, aside from that of kinship, is concerned it was commercial and was not because she was a dependent although the arrangement probably resulted because she was his sister. No award was made to the administratrix or Lorena Ross on the theory that she was dependent.

There being no evidence justifying the award in favor of Grace Lively and W. C. Benson it is vacated and the cause remanded to the State Industrial Commission with directions to dismiss the claim.