In the Matter of Grace Pearl UPDIKE'S HEIRS.

Gerald F. UPDIKE and Leon W. Updike, sons, and Susan Updike, as mother and next friend of James Updike and Jeffrey Updike, minors, grandsons, all as heirs of Grace Pearl Updike, deceased, Petitioners,

v.

UPDIKE ADVERTISING SYSTEM, a corporation, and Hardware Mutual Casualty Company, Respondents.

No. 35650.

Supreme Court of Oklahoma.

Feb. 8, 1955.

Rehearing Denied April 12, 1955.

Original proceeding to review an order of the State Industrial Commission denying a death benefit award under the provisions of the Workmen's Compensation Law to the claimants, Gerald F. Updike and Leon W. Updike, sons, and Susan Updike, as mother and next friend of James Updike and Jeffrey Updike, minor grandsons, all as heirs of Grace Pearl Updike, deceased, as against the employer of said decedent, Updike Advertising System, a corporation, and its insurance carrier, Hardware Mutual Casualty Company, as respondents. Order sustained.

Young, Young & Young, Sapulpa, for petitioners.

Houston, Klein, Melone & Davidson, Henry Kolbus, Tulsa, for respondents.

PER CURIAM.

This is an original proceeding in this court to review an order of the State Industrial Commission, denying an award, of death benefits under the provisions of the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq., to the claimants, Leon Updike and Gerald F. Updike, sons, and James Updike, Jr., and Jeffrey Updike, grandsons of the deceased, Grace Pearl Updike, the employee, as against the respondents, Updike Advertising System, a corporation, the employer, and Hardware Mutual Casualty Company, its insurance carrier. The parties will be referred to as they appeared before the Commission.

The fatal automobile wreck forming the basis of this litigation was also the foundation of cause No. 35,637 in this court. Updike Advertising System, Inc. v. State Industrial Commission, 282 P.2d 759. The respondent employer was engaged in the business of outdoor billboard advertising and the deceased was its secretary and the mother of its president, James Updike. On June 15, 1951, the deceased, her said son and his wife and one child started on automobile trip to the State of Iowa. Near Sapulpa, Oklahoma, they were involved in a wreck with another automobile and the said Grace Pearl Updike and James M. Updike were killed. The purpose of this trip was to inspect and, where necessary, repair roadside signs and billboards in Iowa. There was testimony that the same was to be done along their route in Oklahoma also. The employer, being in the billboard and awning business, was within the provisions of the Workmen's Compensation Law and the other respondent was its insurance carrier, thereby required. The employment and salary of both of the decedents was used in determining the amount of the premiums for the contract of insurance.

A proceeding was filed seeking an award of death benefits for the death of the said James M. Updike as above noted. Also a claim was filed, on behalf of the claimants above named, seeking an award of death benefits for the death of Grace Pearl Updike. The Commission denied an award upon the ground that none of the claimants was dependent upon the deceased as re-

232

quired by the death benefit provisions of the Workmen's Compensation Law. The instant proceeding was brought to review that order.

Numerous arguments are presented in the briefs as to why the order denying an award should be sustained, but the reason given by the Commission in said order determines the rights of the parties, and the others, therefore, need not be discussed. The petitioners here urge that the Commission erred in finding that they were not dependents and further erred in refusing to permit the case to be reopened for presentation of additional evidence on the matter of dependency after the promulgation of our opinion in the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, 1140. The proffered testimony would have been merely cumulative to that already presented. As to the two surviving sons of deceased, there is no question about them not being dependent. They were capable, energetic businessmen making their own substantial living. The other two claimants were sons of James M. Updike who was killed in the same wreck. The evidence, both that presented and that tendered, disclosed that the deceased was very thoughtful of, and generous to, her grandsons. She stayed with them and took care of them when occasion demanded. She made numerous gifts of clothing, etc., to them, and in every respect, her actions were commendable. But, it takes much more than that to establish dependency. The children lived with and constituted the family of their father and mother. He, the father, was president of the company which was doing a good business at the time of his death and he received no financial aid from his mother other than the clothes which she gave the children.

It is tragic when anyone meets sudden and accidental death, but as was pointed out in the Fuller case, supra, no recovery can be had under the death benefit provisions of the Workmen's Compensation Law "unless they (the claimants) suffered a pecuniary loss by reason of the death, in other words, were dependents."

In the recent case of Jaggers v. Newton Barrett Drilling Company, Okl., 268 P.2d 285, 287, it was stated that:

"In the recent case of Sample. v. State Industrial Commission, Okl., 262 P.2d 889, it was held that no recovery could be had by claimants who had suffered no pecuniary loss by the death and who were in no wise dependent upon the deceased. It was there also that the rule was restated to the effect that a determination by the Commission as to dependence in this type of case would not be disturbed on review where such finding was reasonably supported by competent evidence."

None of the testimony in the instant case, including that which was tendered upon reopening of the trial, established a relationship of dependence of the claimants upon the deceased. They were, therefore, not entitled to an award of death benefits.

The order is sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.