**FOX–VLIET WHOLESALE DRUG COMPANY, and Hartford Accident and Indemnity Company, Petitioners,**

v.

**Opaline C. CHASE, Administratrix of the Estate of Nina P. Elrod, Deceased, Wayne S. Elrod, and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36436.**

Supreme Court of Oklahoma.

Sept. 27, 1955.

Fenton & Fenton, Oklahoma City, for petitioners.

Milton Keen, Oklahoma City, for respondents.

WELCH, Justice.

The administratrix of the estate of Nina P. Elrod, deceased, filed claim under the death benefits provision of the Workmen's Compensation Act, for and on behalf of Wayne S. Elrod, as a dependent heir of the deceased, and against the Fox-Vliet Drug Company, an employer of Nina P. Elrod, and the Hartford Accident and Indemnity Company, the Drug Company insurance carrier.

After hearings, the Commission ordered the respondent Drug Company and/or its said insurance carrier to pay said claim, and the respondents have here petitioned for a review of the said order.

The record of the hearing on the claim reflects a stipulation of parties as to the employment and an accidental injury received therein by Nina P. Elrod, and her subsequent death. Next was the testimony of Wayne S. Elrod in whose behalf the claim under the death benefits provision was filed.

The witness testified that he is a son of Nina P. Elrod, deceased, and was of the age of 25 years at the time of his mother's death in March, 1953; that since 1944 he has resided at the home of his mother, except for 15 months in the Navy, and one semester at school, and that during the time of his residence at the home of his mother and until her death, he was furnished room and board, laundry service, toiletries, home medications and some clothing by his mother, and without cost to him.

The witness stated that he is employed and has been gainfully employed since 1947, and since several months prior to his mother's death, at a salary of $250 per month; that his mother received $30 to $40 per week from her employment.

No other testimony or evidence was presented directed to a showing of dependency of an heir of the deceased employee.

■ It is the law of this state that persons must be heirs at law and must be the dependents of a deceased employee to be entitled to compensation under the death benefits provision of the Workmen's Compensation Law. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134; Sample v. State Industrial Commission, Okl., 262 P.2d 889.

In the Workmen's Compensation Act it is provided that death benefits are payable "to the dependents of the deceased employee as defined herein." 85 O.S.1951 § 22, subd. 7. In a preceding section, § 3.1(1) it is provided that:

"The term 'Dependent' or 'Dependents,' as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma."

The statute does not define or declare a meaning of the word "dependent" as distinct from the generally accepted meaning of the word in its ordinary and common usage. The statute only expresses the limitation that the term "dependent" as used in the Act, "shall mean and include the heirs at law of the deceased" employee, that is, that one must be a dependent and also must be an heir at law.

■ It has been said that the purpose of the statute is to provide the workman's dependent with something in substitution for what has been lost by the workman's death, and that, "The Death Benefit provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency." G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056. However, where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction and the courts are not permitted to search for its meaning beyond the statute itself. In re Martin's Estate, 183 Okl. 177, 80 P.2d 561; Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058.

In Webster's New International Dictionary, 2nd Edition, unabridged, the adjective, "dependent" is listed with stated meaning, as follows:

"2. Relying on, or subject to, something else for support; not able to exist or sustain itself, or to perform anything without the will, power, or aid of something else; etc.,

\* \* \* \* \* \*

"Ant. Independent, self-supporting."

Without doubt the legislative expression that death benefits are payable "to the dependents of the deceased employee as defined herein" refers to persons who presently or in reasonable future expectancy were in some degree actually relying on the said employee for necessary support and maintenance and persons not wholly able to exist or sustain themselves at a station in life comparable to that of the employee without the financial aid of the said employee, and who are heirs at law of the deceased as defined by the Descent and Distribution statutes.

In other words, under language of the statute of clear and unmistakable meaning, an adult heir of a deceased employee, which heir is not a legal dependent, and was and is wholly self-supporting, or who was and is wholly able to provide himself with all the necessaries that are of pecuniary value, without the aid of the said employee, is not eligible for death benefits as provided for in the Workmen's Compensation Act.

Herein, it appears that the one in whose behalf claim under the death benefits provision of Workmen's Compensation Act was made, is the son of the deceased employee, and that said employee had for a long time and until her death furnished the said son with some goods and services of a pecuniary value. There is no doubt that the son sustained a pecuniary loss by reason of the death of the said employee, his mother, but it appears from the evidence, and without dispute, that the son was at all time mentioned, himself employed and receiving a greater wage than his mother; that he was able-bodied and without pressing moral or legal obligations to others, and was at all times wholly able and free to have purchased all such services and goods of pecuniary value that were furnished him by his mother. It appears that the goods and services or money furnished by the mother were received by the son as a gratuity and not because he was not able to have furnished them for himself without the aid of his mother; in short, that he was wholly self-supporting.

We find no evidence to show a dependency upon the deceased employee, and accordingly, no right to a recovery of death benefits under the Workmen's Compensation Law is shown.

We deem it unnecessary to here review the evidence as pertains to the finding of the Commission that the death of the employee was the result of accidental injury.

For a lack of evidence to show a dependency, the Order and Award made herein is vacated.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.