Sally Oteka Campbell DARBY, Petitioner,

v.

Victor G. BOEHNLEIN, d/b/a "Vic 'N Honey", Hartford Accident and Indemnity Company and the State Industrial Court, Respondents.

No. 38875.

Supreme Court of Oklahoma.

July 19, 1960.

Cargill, Cargill & Chiaf, James R. Eagleton, Oklahoma City for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Thomas B. Campbell, hereinafter called employee, died of a heart attack on January 5, 1956, while employed as a cook by Victor G. Boehnlein, owner and operator of a cafe known as "Vic 'N Honey." On December 28, 1956, his brother, Jack Harold Campbell, filed his first notice of injury and claim for compensation under the death benefit provisions of 85 O.S.1951 § 1 et seq., therein stating that he and Sally Oteka Campbell Darby, a daughter of employee, were the heirs and dependents of employee. On January 18, 1957, this claim was heard. There were no further proceedings until December 20, 1957, at which time Sally Oteka Campbell Darby, petitioner herein, filed her first notice of injury and claim for compensation therein stating that she was the daughter and dependent of employee.

A hearing was conducted March 17, 1958, and an award entered for the maximum amount of $13,500, for the benefit of petitioner. An appeal was taken and docketed in the clerk's office as No. 38,463. The petitioners raised the issue of failure to give the statutory written notice as provided by 85 O.S.1951 § 24, and petitioner herein confessed error in that case. Thereupon it was remanded to the trial judge who entered a finding as to the failure to give the statutory written notice. Thereafter, without taking further testimony, an award was entered identical with this award as to amount and dependency and on appeal to the Industrial Court en banc an order was entered in part as follows:

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated and reversed as follows:

"It is therefore ordered that the order of the Trial Judge heretofore entered in this case on June 25, 1959, be and the same is hereby vacated and reversed, as follows:

"That Thomas B. Campbell, deceased, left no dependent heirs, therefore Sally O. Campbell Darby's claim under the Death Benefit Act, is hereby denied."

Claimant as petitioner brought this proceeding against the employer and its insurance carrier, Hartford Accident and Indemnity Company, to review the order denying the award.

At the hearing on March 17, 1958, claimant testified that she is thirty-three years of age and is the daughter of Thomas B. Campbell, employee; that she is married and has two children and lives at McCamey, Texas; that her father had been married twice but for a number of years had been a widower and was unmarried at the time of his death; that he had sent her money in regular monthly amounts; one month $50, one month $100 and on two occasions $150; that this money was sent in an envelope with a letter and was always in cash; that he had no bank account so far as she knew; that she did not ask for the money but it certainly came in handy; that her husband is employed as a mechanic and makes $400 or $450 per month and that she is employed and makes $250 per month. There is no testimony as to the salary of the employee but the testimony reveals that Jack Campbell, brother of employee, makes approximately $80 per week as a cook under circumstances similar to those of employee.

The only other witness as to dependency was Jack Campbell who testified that he was in dire circumstances directly after World War II at which time his brother paid his expenses for meals and one time paid as high as $130 per month for other expenses for him.

It is first argued that in remanding the cause to the State Industrial Court for further proceedings in No. 38,463, this court adjudicated that petitioner was entitled to an award under the death benefit provisions of the statute above referred to and that the State Industrial Court was without jurisdiction thereafter to change its ruling. We do not agree. Petitioner cites Reints et al. v. Diehl et al., Okl., 317 P.2d 750. That case is not applicable. It is the general rule that when a proceeding from the State Industrial Court is remanded it stands as if no award had been entered. In this connection see, State Highway Commission et al. v. Clark et al., 156 Okl. 119, 11 P.2d 112; Adams v. City of Anadarko et al., 202 Okl. 72, 210 P.2d 151, and related cases. Reints et al. v. Diehl et al., is an exception to this general rule and applies only where in an opinion rendered on the point this court has adjudicated the proposition of the right to the award.

Under the facts in the present case, the Industrial Court, upon receipt of the mandate in the original case, had authority to try the case anew.

It is next argued there is no competent evidence reasonably tending to support the finding of the State Industrial Court that petitioner was not a dependent as defined by 85 O.S.1951 § 1 et seq., and the decisions construing these sections of the statute.

In Sample et al. v. State Industrial Commission et al., Okl., 262 P.2d 889, 890, it is stated:

"A finding by the State Industrial Commission as to dependency, under the death benefit provision of the Workmen's Compensation Act, will not be disturbed on review where such finding is reasonably supported by competent evidence."

See, also, Jaggers v. Newton Barrett Drilling Co., Okl., 268 P.2d 285; Ticer et al. v. Ross, Adm'x et al., Okl., 277 P.2d 1003; Earley v. Trigg Drilling Co. et al., Okl., 269 P.2d 976.

In Updike et al. v. Updike Adv. System et al., Okl., 282 P.2d 230, in finding the sons of a deceased employee were not dependents it is stated that they were capable, energetic business men and not dependents within the meaning of the Workmen's Compensation Law. In Fox-Vliet Wholesale Drug Co. et al. v. Chase et al., Okl., 288 P.2d 391, an award made to a son who claimed dependency was vacated and the court stated the son, though admittedly receiving some financial aid, was making more than the mother and was not dependent.

We think the rule applicable here. The State Industrial Court had a right to review the evidence in the light of all the circumstances. We cannot say that its finding that petitioner was not a dependent is not supported by the evidence.

Order denying award sustained.

DAVISON, C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.