Harry Ruby SAMMONS, Sr., Petitioner,

v.

FAYE CONSTRUCTION COMPANY, Employers Mutual Liability Insurance Company of Wisconsin, and The State Industrial Court, Respondents.

No. 39476.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Rehearing Denied Jan. 16, 1962.

Russell Farmer, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for respondents.

IRWIN, Justice.

Harry Ruby Sammons, Jr. died on July 12, 1960, as a result of an accidental injury sustained while he was engaged in a hazardous occupation within the terms of the Workmen's Compensation Act. His father instituted the present proceeding to recover

death benefits. The State Industrial Court denied an award upon its determination that the father was not a dependent of his deceased son within the meaning of the Workmen's Compensation Act.

The cause of decedent's death is not in dispute. The sole question on review is whether the trial tribunal's finding on the issue of dependency rests on competent evidence.

Decedent, a young man 24 years old, had never been married. Motherless since the age of 4, he was reared in an orphanage until his completion of the 7th grade. A mentally retarded youngster, he spent three months in a state institution at the age of 16. When discharged, he stayed with his father in Weatherford, and "part of the time" he made his home with a sister who has since died. Sometime in 1956 father and son moved to Elk City, where deceased had lived alone in a rooming house for about four consecutive years prior to his fatal accident. During this period of time he had been without steady employment. According to the testimony, " * * * He had just been picking up jobs, worked maybe a day or two or a week, something like that, at a time. * * * Sometimes they (the jobs) would last a week, some of them just two or three days." When so engaged, " * * * he would draw three dollars a day and on some of them four dollars. Different ones he worked for paid more than others did." He sustained the fatal accidental injury on the second day of his job with Faye Construction Company. Immediately before that, he was engaged for three months on a ranch of his father's employer who paid him $8.00 per week and furnished his room and board. About one and one-half years prior to his death decedent established his eligibility for public aid as a mentally incapacitated "needy person." Since that time, he had been receiving assistance of $52.00 per month in checks payable to the father as his legal guardian. According to the record, the entire amount so drawn was regularly spent for decedent's current living expenses; the sum of $20.00 was applied on his lodging,

and the balance was spent for his "groceries, cigarettes and clothes."

The father is 60 years of age. He lives with his present wife on a ranch near Elk City where he is employed at a wage of $100.00 per month. Aside from this remuneration, he is furnished a rent-free house and produce from the farm. The father testified that the decedent had been regularly helping him with some of the more strenuous duties on the ranch, such as hauling grain in 100 pound sacks, splitting and sawing fire wood for burning in wintertime, handling hay, digging postholes and erecting a fence. Although the father asserts here that neither he nor his employer ever compensated the decedent for this work, the record discloses that on each of the occasions the employer, who took considerable personal interest in the decedent, provided him with room and board at his own home. There is testimony of an isolated instance when the decedent, while engaged in seasonal work at a local cotton gin, gave the father his entire pay check for $94.00 and, on one occasion, contributed $5.00 in cash to an installment payment on the father's furniture. It also appears that donations or "loans" of undisclosed amounts were frequently exchanged by the father and son and neither expected a repayment. In the course of his testimony, the father conceded he was not "financially dependent" on the deceased son.

What constitutes dependency under the Workmen's Compensation Act presents in each case a question of fact which must be resolved from the totality of testimony adduced before the State Industrial Court, whose finding on such issue will not be disturbed on review if supported by competent evidence. Darby v. Boehnlein, Okl., 354 P.2d 446, 448.

The evidence as outlined does afford an ample basis for the conclusion that decedent, a young man of little education, had a limited earning capacity. In fact, he was far from being a self-sustaining person such as could be relied upon to any extent

for necessities of life, or from whom one could anticipate probable future assistance of any substance. On the contrary, it is reasonable to infer from the facts that decedent himself was to a very large degree dependent on public assistance or the father's employer for the necessities of life. Occasional benefits or sporadic gifts and donations from an adult decedent workman will not, standing alone, establish partial dependence upon such workman unless the evidence, viewed as a whole, also shows that these benefits, instead of being a mere casual gratuity, constituted substantial services or contributions which were relied upon for necessities of life and there was reason to expect that they would have continued in the future except for the intervention of death. Jaggers v. Newton Barrett Drilling Co., Okl., 268 P.2d 285, 287; Early v. Trigg Drilling Co., Okl., 269 P.2d 976; Ticer v. Ross, Okl., 277 P.2d 1003, 1005; Updike v. Updike Advertising System, Okl., 282 P.2d 230, 232.

Claimant relies on: Cimmaron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931 and Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412. These decisions are distinguishable as in both of the cited cases there was sufficient evidence to establish that a minor unmarried child had made substantial contributions to the parents in money and services and there was satisfactory showing as to a reasonable future expectancy of assistance.

■ Under the death benefit provisions of the Workmen's Compensation Act, no recovery can be had for the death of an employee by claimant who has suffered no pecuniary loss thereby and who is in nowise dependent upon the deceased. There is competent evidence to support the determination of the State Industrial Commission. Sample v. State Industrial Commission, Okl., 262 P.2d 889, 891.

Order denying an award is accordingly sustained.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.