Bernice L. AKIN, Petitioner,

v.

AKIN DISTRIBUTORS, INC., and Pacific Employers Insurance Company, Respondents.

No. 40211.

Supreme Court of Oklahoma.

Nov. 5, 1963.

Farmer, Woolsey, Flippo & Bailey, by Lawrence Johnson, Tulsa, for petitioner.

Donovan & Rogers, Gerard K. Donovan, Tulsa, for respondents.

IRWIN, Justice.

Bernice L. Akin filed a claim against Akin Distributors, Inc., and its insurance carrier, Pacific Employers Insurance Company, to recover death benefits under the Workmen's Compensation Act, for and on behalf of herself as the only dependent heir of Hugh Lewis Akin, Deceased. Bernice L. Akin is the mother of the decedent.

The respondent insurance carrier challenged the claim and one of the grounds relied upon was that claimant was not dependent upon the decedent for her livelihood and support.

The trial judge denied recovery for the reason that claimant was not dependent upon decedent within the terms and meaning of the Workmen's Compensation Act. The order of the trial judge denying recovery was sustained by the court en banc and claimant has petitioned for a review of the order denying recovery.

## FACTS

Claimant's husband died in 1930 and she established a retail food store in Tulsa and later established a second store. Her two sons, Brown, then 15 years of age, and decedent, then 11 years old, continued their education and held part time jobs and assisted their mother. They sold their home and purchased an acreage east of Tulsa with the title being in the three of them as joint tenants with right of survivorship.

Akin Food Distributors, Inc., was later organized to handle and sell packaged and canned goods at wholesale and decedent was elected vice president of the corporation in charge of sales at a salary of $700.00 per month. Decedent owned no stock in the corporation.

Claimant owned a house and lot in Tulsa; decedent had moved the house and sold it; he then supervised the construction of a business building or warehouse on the vacant lot which is leased for $15,600.00 per year; it is mortgaged and the lease rentals are applied to the indebtedness. Claimant now owns an undivided one-third interest in the lot and building.

Claimant also owns an undivided one-third interest in the warehouse occupied by Akin Distributors, Inc., which rents for .$15,000.00 per year and the rentals are applied to the mortgage indebtedness. In addition to the real estate, claimant owns stock in Akin Distributors, Inc., which has an estimated value of $50,000.00 and is clear of liens; $2,000.00 invested in other stock; one cadillac automobile and 8 riding horses.

Claimant was receiving $200.00 per month from her retail stores and after she sold them for $21,000.00 and paying the in-

debtedness against them, she had $9,000.00 remaining. The retail stores were sold after the death of decedent. Claimant had received $400.00 per month salary from Akin Distributors, Inc., and at the time of trial her salary had been increased to $500.00 per month; she also had a stock dividend of $450.00 and an annual bonus of $1186.00, which she has not withdrawn.

Decedent had been married and had two sons. He and his wife were divorced but he had regularly paid money to his divorced wife for her support and the support of their minor children. Decedent's divorced wife and minor children died in the accident which caused decedent's death.

Decedent had lived in the same home with claimant except for the short time he and his wife occupied an apartment. After the acreage was purchased, decedent had built a barn, tenant house, a car port, a concrete driveway and had repaired the place in general. He worked about the place in the mornings and evenings; he plowed, seeded, cut and baled hay and looked after the horses, cattle and hogs and tended to the sale of the livestock and feed.

While decedent was living with claimant he paid her $50.00 a month, and on two or three occasions, gave her more than $50.00, and he regularly purchased groceries.

Under this set of facts, the trial judge found, and the same was approved by the Court en banc, that claimant was not a dependent heir of decedent within the terms and meaning of the Workmen's Compensation Act.

## CONCLUSIONS

Claimant contends that the true criterion as to who are dependents is the reasonable expectation by a surviving heir of continuing future support and maintenance; that it matters not the petitioner up to the time of the death of decedent was able to take care of herself. In support of this contention, she cites and relies on Robberson Steel Company v. State Industrial Court, Okl., 354 P.2d 211; Sample v. State Industrial Commission, Okl., 262 P.2d 889; Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056; Stubblefield v. Sebastian, Okl., 340 P.2d 265; Dierks Forests, Inc. v. Parnell, Okl., 331 P.2d 392; and Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825.

We do not find the above cases necessarily controlling in the case at bar. In each of the cases the question of dependency was firmly established by competent evidence showing claimant had received benefits from the decedent workman which constituted substantial services or contributions which were relied upon for partial support and maintenance and there was reason to expect they would have continued in the future except for the intervention of death. Also, an examination of all the above described cases show that we sustained the order appealed from.

 We agree with the rule of law that the fact that claimant up to the time of the death of decedent was able to take care of herself does not necessarily preclude her from being classified as a dependent of her deceased son. We are also mindful that the purpose of the Workmen's Compensation Act is to provide the Workmen's dependents in the future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency, the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing of future support and maintenance seems to be the true criterion as to who are dependents. See Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825.

 However, we are also mindful that where a claimant is wholly able to provide herself or himself with all the necessities that are of pecuniary value, without the aid of the employee, the fact that deceased employee may have made contributions to

the claimant during his lifetime and there is reasonable expectations of continuing contributions, does not necessarily mean that claimant is eligible for death benefits under the Workmen's Compensation Act. See Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391, which considers similar principles of law which are controlling under the facts in the case at bar. In that case we said:

"Without doubt the legislative expression that death benefits are payable 'to the dependents of the deceased employee as defined herein' refers to persons who presently or in reasonable future expectancy were in some degree actually relying on the said employee for necessary support and maintenance and persons not wholly able to exist or sustain themselves at a station in life comparable to that of the employee without the financial aid of the said employee, and who are heirs at law of the deceased as defined by the Descent and Distribution statutes.

"In other words, under language of the statute of clear and unmistakable meaning, an adult heir of a deceased employee, which heir is not a legal dependent, and was and is wholly self-supporting, or who was and is wholly able to provide himself with all the necessaries that are of pecuniary value, without the aid of the said employee, is not eligible for death benefits as provided for in the Workmen's Compensation Act."

In Sammons v. Faye Construction Co., Okl., 367 P.2d 1021, we said:

" * * * Occasional benefits or sporadic gifts and donations from an adult decedent workman will not, standing alone, establish partial dependence upon such workman unless the evidence, viewed as a whole, also shows that these benefits, instead of being a mere casual gratuity, constituted substantial services or contributions which were relied upon for necessities of life and there was reason to expect that they

would have continued in the future except for the intervention of death."

This Court has repeatedly held that a finding by the State Industrial Court as to dependency, under the death benefit provision of the Workmen's Compensation Act, will not be disturbed on review where such finding is reasonably supported by competent evidence. See Sammons v. Faye Construction Company, supra; Fox-Vliet Wholesale Drug Co. v. Chase, supra; and In re Updike's Heirs, Okl., 282 P.2d 230. We are bound by the rule that on questions of fact, we cannot weigh the evidence but are bound by the order of the State Industrial Court when it is reasonably supported by competent evidence. There is competent evidence reasonably supporting the order of the commission.

Having determined that the order of the Industrial Court must be sustained, we find it unnecessary to determine the specifications of error urged by the Respondent. Also, the question of revivor heretofore presented by the parties is moot and need not be considered.

Order sustained.