**A & J CONTRACTORS, INC., a Corporation, and Maryland Casualty Company, a Corporation, Petitioners,**

v.

**Betty Jean DENNIS and the State Industrial Court, Respondents.**

**No. 40163.**

Supreme Court of Oklahoma.

June 30, 1964.

Rehearing Denied Sept. 15, 1964.

Pierce, Mock, Duncan, Couch & Hendrickson, John R. Couch, Henry F. Featherly, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, for respondents.

BLACKBIRD, Chief Justice.

In this case petitioners seek review of an award for death benefits in the amount of $13,500.00 entered by the State Industrial Court in favor of respondent Betty Jean Dennis, hereinafter referred to as "claimant", as the dependent heir of her father, James William Ragsdale, deceased.

Under the proposition presented first in their brief, petitioners argue that the Industrial Court's finding, of claimant's dependency upon the deceased, is not supported by competent evidence.

At the time of the trial in 1961, claimant was twenty-seven years of age, had two children, aged seven and five years, and she and her husband had lived in Fort Worth, Texas, continuously since their marriage there in 1953. The wages of the husband, Harlond Dennis, have ranged from "take-home pay" of $51.00 per week, when the couple was first married, to the $61.40 per week, after deductions, which he has earned since sometime in the year 1958.

Claimant's now deceased father, Mr. Ragsdale, was divorced from her mother sometime prior to 1953. The mother remarried about ten years before the trial. Mr. Ragsdale never remarried. For a short period in 1953, after her first child was born, claimant was employed outside the home, but she quit this job when she decided that she could not continue it and properly care for the child. During this year, Mr. Ragsdale began giving her money at intervals "when he was working steady." He was a heavy equipment operator-mechanic on road and construction jobs. He continued his monetary gifts to claimant until he had an accident, while employed by the petitioner A & J Contractors, Inc., in 1958, rendering him totally disabled. He never worked again, and according to claimant's testimony, she went back to work the same year. Thereafter, she and her family never received any more gifts of money from Ragsdale, until in 1960, shortly after he settled, on joint petition, a disability compensation claim he had previously filed against his employer on account of the afore-mentioned disability. At that time he gave her part of this settlement money, but the record gives no indication of the amount of this gift. Claimant testified that this money was used to help her and her husband "catch up" on their bills.

In 1960, claimant became an employee of Pangburn Candy Company in Fort Worth and was still so employed at the time of the trial. Thereafter, without again seeing claimant and/or her family or giving them any money, Mr. Ragsdale died on April 29, 1961, in Oklahoma City where he resided.

In support of their contention that the evidence does not support the Industrial Court's finding of claimant's dependency upon her deceased father, petitioners argue, in substance, that the deceased's funds from which claimant and her family were shown to have benefitted were merely "gifts", rather than regular and necessary contributions of support upon which claimant was obliged to rely for the necessities of life. One of the cases they cite is Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391, in which this court held:

> "In the Workmen's Compensation Act, the legislative expression that death benefits are payable 'to the dependents of the deceased employee as herein defined,' refers to persons who are heirs at law of the deceased as defined by the descent and distribution statutes and who are presently, or in reasonable future expectancy, relying on the said employee in whole or in part for necessary support and maintenance."

There, we also said:

> " * * * under language of the statute * * *, an adult heir of a deceased employee, which heir is not a legal dependent, and was and is wholly self-supporting, or was and is wholly able to provide himself with all the necessaries that are of pecuniary value, without the aid of the said employee, is not eligible for death benefits as provided for in the Workmen's Compensation Act."

■ The only evidence in the record as to the total income of the claimant and her husband, during the years that they have both worked, is testimony to the effect that their income tax return for the year 1960 (an approximate half of which year claimant was employed by Pangburn Candy Company) represented their total income for that year as $4500.00. Claimant does not contend that when she and her husband are both working their income is insufficient to provide the necessities of life. She says, however, that on the date

of her father's injury this "* * * joint earning condition did not exist * * *". However, the record indicates that ordinarily, and except when the couple's oldest child was very young and claimant was not in robust health, it has existed. The actual dependency of an able-bodied adult who is not legally dependent upon her father for support is not measured by special, and non-permanent, circumstances, but must be determined by the usual situation. The evidence in this case is insufficient to establish that claimant was ordinarily and usually dependent on her father for support. It is therefore our opinion that under the principles referred to in the Fox-Vliet Case, supra, claimant did not discharge her burden of establishing her dependency on the deceased employee, and the State Industrial Court's finding to the contrary is without sufficient evidence to support it. The award in her favor is therefore vacated.

HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.