No. 20,824.

JAMES FENNIMORE and MYRTLE FENNIMORE, *Appellees,* v. THE PITTSBURG-SCAMMON COAL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Death of Minor Son—"Dependency" of Parents.* In an action under the workmen's compensation act by the father and mother of a deceased workman for compensation for his death, a finding of partial dependency is sustained by evidence that the parents did in fact depend in part on the son's earnings, so that they suffered injury by being deprived of what they had relied on; and this is true, although the father owns a home for which he paid $1450, owns land from which he derives an income of $400 or $500 a year, owns shares of stock in a corporation on which he has paid $5000, and is employed at a salary of $125 a month.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed April 7, 1917. Affirmed.

*R. M. Sheppard,* of Joplin, Mo., and *J. P. McCammon,* of St. Louis, Mo., for the appellant.

*John P. Curran,* of Pittsburg, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the parents of a deceased workman for compensation for his death. The plaintiffs recovered, and the defendant appeals, the contention being that the plaintiffs were not dependents within the meaning of the workmen's compensation act.

The statute involved contains the following provisions:

" 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. And 'members of a family' for the purpose of this act means only widow or husband, as the case may be, and children; or if no widow, husband or children, then parents. . . . The amount of compensation under this act shall be : (*a*) Where death results from injury: (1) If the workman leaves any dependents wholly dependent upon his earnings, an amount equal to three times his earnings for the preceding year but not exceeding thirty-six hundred dollars and not less than twelve hundred dollars. . . . (2) If the workman does not leave any such dependents, but leaves any dependents in part dependent upon his earnings, such proportion of the amount payable under the foregoing provisions of this section as may be agreed upon or determined to be proportionate to the injury to the said dependents." . . . (Gen. Stat. 1915, §§ 5903, 5905.)

The court made the following findings of fact:

"(*a*) That on the 12th day of February, 1915, the said Rue Fennimore was killed by an accident arising out of and in the course of his employment with the said defendant coal company; and

"(*b*) That the said Rue Fennimore, deceased, was nineteen years of age at the time of his death; and

"(*c*) That the said plaintiffs, James Fennimore and Myrtle Fennimore, are the father and mother of the said Rue Fennimore, deceased, and that he was the only child of said plaintiffs; and

"(*d*) That the said Rue Fennimore, deceased, was unmarried at the time of his death, and that he had never been married and that he died without issue, and left said plaintiffs as his sole and only surviving heirs at law; and

"(*e*) That the said Rue Fennimore, deceased, had always lived at home with his father and mother; and

"(*f*) That the earnings of the said Rue Fennimore, deceased, for the year next preceding his death were $600; and

"(*g*) That the said Rue Fennimore, deceased, contributed to the support and maintenance of his said parents the sum of $25 per month out of his earnings; and

"(*h*) That the said plaintiffs were in part dependent upon the earnings of the said deceased at the time of his death; and

"(*i*) That the said plaintiffs were dependent upon the earnings of the deceased to the amount and extent of $25 per month, at the time of his death; that the said plaintiffs were dependent upon the earnings of the said deceased to the extent of five tenths (⁵⁄₁₀) of such earnings; and

"(*j*) That by reason and in consequence of the death of the said Rue Fennimore, deceased, the said plaintiffs were damaged in the sum of $900."

There was evidence that the family lived in a home which cost $1450 and was owned by the father. He owned 240 acres of land in Missouri, which was rented, and from which he received $400 or $500 in the year 1915. The net income from the farm was not inquired about. The father owned an automobile which he traded for, and which the son took care of and used to make money with when he was not working. The father owned one-fourth of the capital stock of the defendant company. The company was capitalized for $30,000, and the father had paid about $5000 on his stock subscription. Income from this source and the value of the stock were not inquired about. The father also worked for the company for wages, receiving $125 a month. His liabilities were not inquired about, but he had no money in the bank and no money loaned out. The mother had no money or property. She did her own housework and washing, with the aid of her son, who washed dishes, helped on wash days, and the like. He turned his money over to his mother to the extent of perhaps $35 per month. It is argued that the parents were not dependent on the son because the father had too much property and too large an income.

The question whether or not the plaintiffs were partially dependent on the earnings of their son was a question of fact, and a finding of the fact of partial dependency is conclusive on appeal if there be any evidence to support it. The statute is a blind guide to the determination of the question of fact. Dependents are said to be members of the workman's family who are dependent on him. The definition includes the term to be defined. Earnings of the workman come in as a factor of dependency in the provision relating to the amount of compensation to those who were wholly dependent. Injury comes in in the provision relating to the amount of compensation to partial dependents. But there is no definite standard of dependency, either total or partial. Perhaps the legislature

used the word "dependent" in the dictionary sense of relying on the workman's earnings for support. Support for what? The bare necessities of life, without which existence would be impossible, or support according to some standard? If according to some standard, what standard? One to which the dependent was accustomed, or one which the court might think reasonable under all the circumstances?

Cases interpreting workmen's compensation acts may be found in an exhaustive annotation in L. R. A. 1916 A, 23, and in the Corpus Juris treatise, "Workmen's Compensation Acts," published by the American Law Book Company as an advance article of the Cyc.—Corpus Juris system. In many of these cases the courts undertake to define the word "dependents" and to state tests of dependency. As the supreme court of Michigan remarked in the case of *Miller v. Riverside Storage & Cartage Co.* (Mich. 1915), 155 N. W. 462, these definitions and tests, suggested by the facts of particular cases, do not supply a rule, because universal standards of independence can not be set up.

Accepting the statute just as it came from the legislature, the court is of the opinion that the question before the district court was not one of how the domestic economies of the Fennimore family might have been arranged, or ought to have been arranged, but how they were arranged; and if the father and mother did in fact depend in part on the son's earnings, so that they suffered injury by being deprived of what they had relied on, they were entitled to recover. This being true, the finding of partial dependency is abundantly sustained.

The judgment of the district court is affirmed.