FOSTER et al. v. HIGGINBOTHAM et al.

*97 P. 2d 63.*

No. 28966.   Dec. 19, 1939.

Reily & Reily, of Shawnee, for plaintiffs in error.

E. P. Ledbetter, of Oklahoma City, for defendants in error.

GIBSON, J. Plaintiffs in error appeal from a judgment rendered against them in favor of defendants in error for damages for the wrongful death of their daughter occurring as the result of an automobile collision.

The parties are referred to as they appeared in the trial court.

Error is charged in not instructing the jury as to the relative rights and duties of the parties in approaching and entering highway intersections.

The passenger car in which the deceased was riding, and then being driven by another, proceeding north, and the loaded gasoline truck of defendant, going west, in midafternoon collided at an intersection of highways south of Oklahoma City in Oklahoma county. A stop sign required westbound traffic to stop at the intersection.

In substance, the alleged negligence of defendants was that the truck failed to stop before entering and attempting to cross the highway it was approaching, and the failure of the truck driver to observe the passenger car then closely approaching the intersection.

Aside from the charge of contributory negligence, the cause was prosecuted and defended upon the theory of negligence on the part of the truck driver in failing to observe the stop sign and to maintain proper lookout when entering the intersection. The trial court gave full instructions on those matters without objection on the part of defendants. They now insist for the first time that the court erred in not defining for the jury the rights and duties of automobile drivers when approaching highway intersections as such rights and duties are defined in Rule 7, section 10327, O. S. 1931, 69 Okla. Stat. Ann. 583, and in not applying said rule to the question of negligence on the part of both drivers.

Rule 7 provides that vehicles approaching intersections from the right shall have the right of way over those approaching from the left. Whether that provision would govern over a stop sign at the highway intersection is not material here. The parties treated as primary negligence the driver's failure to observe the stop sign. The question of the statutory rules of the road was not brought into the case. To insist upon the application of those rules now would be an attempt to interpose a new theory of defense, one not presented at the trial. This is not permissible. Goldstandt v. Goldstandt, 102 Okla. 218, 228 P. 770. The rule is there stated as follows:

"Where a defendant relies upon a certain defense in the trial court, he will not be permitted to shift his ground of defense on appeal so as to present another defense, not presented nor relied upon in the trial court."

Defendants charge error in the instructions as to the measure of damages as not being supported by any evidence. The challenged portion of the instruction

278

in substance directed that if the jury found the parents were in a dependent condition and that the disposition of the child, in her relation to her parents, was such that there would be a reasonable expectation that the child would have contributed to her parents' support after her majority, they might include in their verdict such an amount as they found from a fair preponderance of the evidence was a reasonable expectation of contribution by the child to the support of her parents after her arrival at majority. In Fike v. Peters, 175 Okla. 334, 52 P. 2d 700, also an action by parents for damages for the death of a daughter of high school age, and of substantially similar scholastic attainments and dutiful disposition toward her parents, as proven here, this court approved a similar instruction, there declaring the instruction to be supported by Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 454, 462, 138 P. 790, and Weleetka Cotton Oil Co. v. Brookshire, 65 Okla. 293, 166 P. 408. We are of the opinion that sufficient proof was here made to warrant the instruction as given.

Defendants further complain of the failure of the trial court to sustain their motions for new trial upon the ground of alleged newly discovered evidence. The competent portion of the evidence proposed refers to the relative positions and movements of the colliding vehicles just prior to and at the moment of collision. Considerable testimony to the same effect was given on the trial by witnesses on both sides. The trial court did not abuse its discretion in overruling the motions. Belford v. Allen, Adm'r, 183 Okla. 256, 80 P. 2d 671.

Defendants assert that the smallness of the verdict suggests that the jury did not attach much importance to plaintiffs' case, but as to this matter, upon the record before us, the parties as well as this court are bound by the verdict as rendered.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and DAVISON, JJ., concur.