[File No. 6637.]

DOMINIK WEISGERBER, SR., Respondent, v. THE WORKMEN'S COMPENSATION BUREAU OF THE STATE OF NORTH DAKOTA, Appellant.

(292 N. W. 627, 128 A.L.R. 1482.)

Opinion filed June 1, 1940.

*Alvin C. Strutz,* Attorney General, *A. M. Kuhfeld,* Assistant Attorney General, and *W. R. Knezevich,* for appellant.

*Simpson, Mackoff & Kellogg,* for respondent.

168

MORRIS, J. Dominik Weisgerber, Jr., was killed in the course of his employment on November 30, 1937. The plaintiff is the father of the deceased.

Within the time required by law, the plaintiff filed with the Workmen's Compensation Bureau, a claim for compensation pursuant to the provisions of the Workmen's Compensation Act, wherein he listed as among those entitled to compensation, himself and his wife Margaretha Weisgerber, who is the mother of the deceased. He stated in the claim that both the father and the mother were partially dependent upon the deceased for their support. He also listed two sisters and one brother of the deceased.

This application states that it "is made on behalf of myself and the following named persons who were also dependent on deceased for support." The application further shows that the plaintiff was employed as a Works Progress Administration worker, receiving the sum of $48 per month, and that this was the only income of the plaintiff and the other claimants.

The Bureau awarded Mrs. Weisgerber compensation at the rate of $2.40 per week, payable every four weeks in the sum of $9.60. Mr. Weisgerber was not mentioned in the award, and no provision was made in this award or in any other manner for his participation in the award or in the Workmen's Compensation fund.

The plaintiff appealed from the finding and award of the Bureau to the district court, where the matter was tried. The trial court found that the plaintiff was a claimant who was dependent upon the deceased for support, and rendered judgment against the Bureau for an amount

equal to that which the Bureau had awarded to Mrs. Weisgerber. The Bureau appeals to this court from that judgment and demands a trial de novo.

The Bureau contended in the district court and contends now that it assumed jurisdiction of the matter, and in awarding compensation to Mrs. Weisgerber, allowed the claim in part, and therefore, the plaintiff has no right to appeal from the determination of the Bureau.

The provisions of the Workmen's Compensation Act with reference to appeals from the Bureau are found in § 396a17 of the Supplement to the Compiled Laws, and are, in part, as follows: "The Bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such Bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such Bureau may, by filing his appeal in the district court for the county wherein the injury was inflicted, be entitled to a trial in the ordinary way." The above section has been before this court in several instances, and it is clearly established that a claimant for compensation, whose claim has been allowed, but who is not satisfied with the amount of the award, has no right of appeal.

The right of appeal is limited to those cases in which the Bureau denies to the claimant the right to participate at all. Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 207 N. W. 551; Ethen v. North Dakota Workmen's Comp. Bureau, 62 N. D. 394, 244 N. W. 32; State ex rel. Craig v. Workmen's Comp. Bureau, 53 N. D. 649, 207 N. W. 555.

The Bureau contends that this case is governed by those cases above cited, because the plaintiff filed a claim on behalf of himself and other persons dependent upon the deceased; that the allowance of compensation to Mrs. Weisgerber is an allowance of the claim; that all claims growing out of the death of the son in fact constitutes but one claim before the Bureau. The Bureau then argues that the allowance to the mother constitutes a partial allowance of the claim, with the

170

result that the Bureau has taken jurisdiction of the claim within the meaning of the statute; and that no right of appeal from the determination as to who is dependent exists.

On the other hand, the plaintiff contends that Mrs. Weisgerber is one claimant, and that he is another, each having separate claims growing out of the son's death. He contends, therefore, that the allowance of partial dependency to Mrs. Weisgerber constitutes action by the Bureau on her claim alone, and does not affect that of the plaintiff. He then argues that he, being a separate claimant against the Bureau, whose claim has been wholly denied because of nondependency, has been denied compensation upon a ground going to the basis of a claimant's right, and therefore, has the right of appeal.

This particular question is new to this court. It is not determined in the cases above cited. Those cases involved claims arising from injury, and not from death. The claimant was alive and had but one claim for the injury. In this case, the employee is dead, and the claimants contend that they are dependents who are entitled to separate awards of compensation under the statute, and are therefore separate claimants.

Section 396a3, Supplement to the Compiled Laws, provides for the disbursement of compensation and sets forth those dependents who are entitled to compensation in event of death of an insured employee. Those portions of this section pertinent to the case before us are as follows:

"G. If death results from an injury within six years, the North Dakota workmen's compensation fund shall pay to the following persons for the periods specified a weekly compensation equal to the following percentages of the deceased employee's weekly wages; provided, however, that no compensation shall be paid where death takes place more than one year after the cessation of disability resulting from the injury, or, if there has been no disability preceding death, if death takes place more than one year after the injury.

. . . . . . . . . .

"(e) To the parents, if one is wholly dependent for support upon the deceased employee at the time of his death and the other is not dependent to any extent, twenty-five per cent; if both are wholly dependent, twenty per cent to each; if one or both are partly dependent, a

proportionate amount in the discretion of the Bureau. The foregoing percentages shall be paid only if there is no widow, widower, or child. If there is a widow, widower or child there shall be paid only so much of the foregoing percentages as, when added to the total of the percentages payable to the widow, widower and children, shall not exceed the total of sixty-six and two-thirds per cent."

The problem resolves itself to a question of whether the dependent parents each have a claim based upon the death of the deceased, or whether they have but one claim which may be apportioned between them. If they have but one claim, an allowance of compensation to one parent bars the right of appeal by the other parent; for by such an allowance, the Bureau takes jurisdiction of the claim, and its determination thereon is not reviewable on appeal. On the other hand, if each parent has a separate claim, then each is an individual claimant, and the action of the Bureau with respect to one has no effect upon the right of the other to appeal.

A claimant is one who claims or asserts a right or demand. Webster's International Dictionary, 2d ed.; Black's Law Dictionary, 3d ed.

The statute which we have quoted above treats the right of dependent parents to participate in the fund as a separate right, available to each parent. The percentage of participation is provided with reference to each. It follows that the right to participate being separate, the claim under which the right is asserted is a separate claim, and each parent who asserts such right is an individual claimant.

The statute does not contemplate the payment to one parent for the benefit of another. The rights of parents to participate in the fund are neither joint nor mutual. They are individual. Each parent is a claimant, and if either is denied compensation upon a "ground going to the basis of the claimant's right," such parent has a right to appeal to the district court.

The appellant also contends that it took jurisdiction of the plaintiff's claim because it allowed certain funeral and medical expenses. This allowance was made by virtue of an order, designated as "An Emergency Allowance." Examination of § 396a3, Supplement to Compiled Laws, discloses that it contemplates an allowance to an injured employee for surgical, medical and hospital services and supplies. It also provides "if death results from an injury within six

years, the North Dakota workmen's compensation fund shall pay to the personal representative of the deceased employee, burial expenses not to exceed $150." The decedent was killed instantly. Even though the allowance in this case is termed "An Emergency Allowance" it is of the nature contemplated by the statute to be made to the personal representative of the deceased in event the injury results in death. It is for the benefit of his estate. Such an allowance is entirely different from one based upon a claim of dependency. The fact that the Bureau allowed a sum for emergency medical services, ambulance services, and funeral expenses for the deceased employee, does not constitute such an action upon the plaintiff's claim for dependency as to bar his right of appeal as a dependent claimant.

If the employee is killed accidentally in the course of his employment, and the Bureau so determines and pays funeral or medical expenses, it has, according to the Bureau's contention, taken jurisdiction, and its determination of all questions of dependency growing out of the death is final. If the Bureau's contention is correct, the question of dependency may never be reviewed on appeal where medical or funeral expenses have been paid by the Bureau.

We do not give the statute providing for appeals such a narrow construction. In this case, the plaintiff is a claimant; his right to participate in the fund is based upon dependency. When the Bureau denied his right to participate on the ground that he is not dependent, such denial constituted a denial of his right to participate in the fund upon a "ground going to the basis of the Claimant's right." Such action on the part of the Bureau comes squarely within that part of § 396a17, Supplement to Compiled Laws, providing for appeals from certain final actions of the Bureau.

The appellant also seeks to show that the allowance of $2.40 per week to Margaretha Weisgerber, was in fact an allowance to both her and her husband. Reference to the pension award made by the Bureau on June 17, 1938, discloses that it was made solely to Margaretha Weisgerber for compensation on account of the death of her son. It recites the payment of the bills for medical, ambulance, and hospital services, and then says: ". . . that the decedent is survived by his parents, but that only his mother, Mrs. Margaretha Weisgerber, Claimant herein, is and was partially dependent for support on the earnings of the

decedent at the time of his injury and death; . . . ." Thus the language of the Bureau disposes of any contention that the award was made for the benefit of the plaintiff.

The final contention of the Bureau is that the plaintiff was not dependent upon his son for support within the meaning of the provisions of the Workmen's Compensation Act. This case being here for trial de novo, the Bureau's contention requires us to review the evidence, although, in so doing, we give appreciable weight to the findings of the trial court. It appears that at the time of the son's death in December, 1937, the plaintiff was fifty-eight years of age. His wife was fifty-six. Other members of the family consisted of two unmarried daughters, aged eighteen and twenty-one years respectively, and one son, aged seventeen. The plaintiff was employed by the Works Progress Administration at a wage amounting to $48 per month. He had been so employed at intervals for several years. In 1937, the plaintiff had been employed to work in a cemetery at $60 per month. He also had a period of similar employment in 1938. The deceased son was twenty-nine years of age at the time of his death. He was unmarried. He had been working approximately two years at the plant where he was killed, for a wage of about $80 per month. He gave most of his earnings to the family for their support, after keeping about $10 per month for spending money, and paying $30 per month to his mother for room and board. The record is not clear as to just how much the son contributed to the plaintiff. The Bureau contends that he actually contributed nothing, and that the plaintiff earned ample to support himself. It appears, however, that the son spent very little of his wages on himself, and that the greater portion of his wages went to the support of the Weisgerber family and was used for that purpose along with the money earned by the father.

The Weisgerbers lived in their own home. It was mortgaged. The loan was payable monthly. The deceased son paid the monthly instalment of $10.40. He also provided money to buy a gas stove and kept up the payments on it. The gas bill and the payments on the stove amounted to about $4 per month. He also bought clothes for various members of the family, including the plaintiff. The deceased son and the father constituted the only wage earners in the family. The family living expenses amounted to $107 per month.

Considerable time at the trial was devoted to the introduction of pro and con testimony regarding a truck that the son bought in 1933 and gave to the father. The truck was later transferred to the son and was used on a Works Progress Administration project. The net income from the truck amounted to about twenty-five cents per hour. It was sometimes used as much as one hundred and ten hours in a month. This income also went to defray family expenses. The employment of the truck was cancelled fifteen days prior to the son's death. Since his death it has been turned over to the plaintiff and put back in service.

The trial court found in favor of the plaintiff on the issues of dependency and directed the Bureau to pay the plaintiff twelve and one-half per cent of the weekly earnings of $19.20 per week of the deceased son. This amounted to $2.40 per week. It amounts to an award based on partial dependency. The court further directed that the total amount paid to all beneficiaries should not exceed $15,000.

Here we have a father who was fifty-eight years of age; who had been employed during the past few years, most of the time by the Works Progress Administration at a monthly wage of $48. He was not a skilled workman. According to his own words he "was working by hand." Most of the son's wages went to the support of the family, including the plaintiff.

In the event of the death of an insured employee, persons who may be entitled to participate in the fund are divided into two general classes. The first class consists of those who are entitled to participate under the statute regardless of dependency, as, for instance, the widow and children. The other class consists of persons whose right to participate in the fund is contingent upon the claimant being dependent for support upon the deceased employee at the time of death. Into this class fall parents and brothers and sisters. The claimant is of the second class.

While our statute makes the right of parents to participate in the fund contingent on their being at least partially dependent on the deceased for support, neither the phrase "dependent for support" nor any of the words composing it are defined. Neither is any standard for the determination of dependency prescribed by statute. An examination of many decisions dealing with the same or similar phraseology

discloses that courts have not fixed upon a uniform definition. In fact, no definition has been developed with exactitude.

Dependency is, in most instances, a question of fact. Naturally, the facts in the various cases differ, with the result that each case must be, to a large extent, determined by its own facts. However, the courts have generally adopted a liberal construction in determining questions of dependency under Workmen's Compensation statutes. The supreme court of Illinois has recently said: "We have repeatedly held, especially on questions of dependency, that the Workmen's Compensation Act should receive a practical and liberal construction." Waechter v. Industrial Commission, 367 Ill. 256, 11 N. E. (2d) 378. This is in accord with the general construction given to the Workmen's Compensation Act in this state. In determining questions of dependency arising under Workmen's Compensation acts and applying a liberal construction thereto, it is generally held that the phrase under consideration does not mean absolute dependency for mere necessities of life. The family circumstances and customary mode of living are taken into consideration and it is generally sufficient if it appears that contributions of the deceased employee were looked to for support in the maintenance of the dependents' accustomed mode of living. London Guarantee & Acci. Co. v. Industrial Acci. Commission, 203 Cal. 12, 263 P. 196. "Nor is it sufficient ground for denying relief in such case to show that the parent could have existed, or lived in a simpler and less comfortable manner, without the assistance rendered. We should rather consider and determine whether the aid given and contributions made were devoted directly or indirectly to the support and maintenance of the parent, and whether it enabled the parent to live more comfortably and enjoy life a little better than he could have done without such assistance." Miller v. G. L. Arnett & Son, 58 Idaho 420, 74 P. (2d) 177. In Glens Falls Indem. Co. v. Jordan, 56 Ga. App. 449, 193 S. E. 96, the court considered facts somewhat analogous to those now before us. The court said: "The father's income was meager and uncertain. The mother had no income. The father's average weekly earning was $10, and it is a matter of common knowledge that this amount is far below the average income of American labor, and it could hardly be said that in these modern times this was sufficient to maintain them according to their needs, position, and station in life,

regardless of what that might be. The father testified that the contributions made by deceased were used to support himself and wife, for times were hard with them. It may be possible that he could, by foregoing all other things, have bought enough food for himself and his wife to withstand the pangs of hunger, and could have provided sufficient clothes to prevent nakedness; but, as we have shown, this does not negative dependency."

In Rhoden v. Smith & D. Electric Co. 107 Ind. App. 152, 23 N. E. (2d) 306, we find facts very similar to those in the case at bar. A son, twenty-four years of age, was killed in an accident arising out of and in the course of his employment. He left surviving him a father, a mother, a sister, and a brother. All except the brother were living together as one family. The father was working on W. P. A. and receiving a weekly wage of $14 per week. He owned his own residence but had no income to support the family except his own wages and that received from the decedent. The decedent started contributing to the support of the family in 1933, and continued to do so until his death in 1937. He gave the father money for the support of the family and also paid bills therefor himself. He contributed directly to the father in the sum of $4 or $5 per week for a year prior to his death. It appeared that the contributions made by the decedent to his father were used and required for the support of the family. The court held that the father was partially dependent upon the deceased son within the meaning of the Indiana Workmen's Compensation Act and reversed the finding of the Industrial Board of Indiana on the question of dependency of the father.

When the whole record in this case is considered, there is no doubt that the plaintiff was partially dependent upon his deceased son for support. The trial court awarded judgment against the Bureau and in favor of the plaintiff for the sum of $2.40 per week from and after November 30, 1937. It is based on an award of twelve and one-half per cent of the decedent son's weekly wage. After considering the evidence in this case de novo, we reach the conclusion that the trial court's determination was correct.

The judgment of the district court is affirmed.

NUESSLE, Ch. J., and BURR, BURKE, and CHRISTIANSON, JJ., concur.