G. I. CONSTRUCTION CO. et al. v. OSBORN et al.

No. 35592.    June 2, 1953.

*257 P. 2d 1056.*

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for petitioners.

E. S. Collier, Taloga, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, V.C.J.   In this case it appears that on and prior to the 11th day of August, 1951, George Ival Osborn was employed by the G. I. Construction Company, and on that day while employed by it and engaged in a hazardous employment he sustained an accidental injury arising out of and in the course of his employment causing his death.

On the 25th day of August, 1951, Lela Osborn, his mother, claiming to be a dependent of the deceased, filed a claim against the construction company, hereinafter referred to as petitioner, and its insurance carrier, hereinafter referred to as carrier, before the State Industrial Commission for compensation under the death benefit provision of the Workmen's Compensation Law.

The claim was set for hearing before a trial commissioner who after hearing the evidence, in substance, found: On the 11th day of August, 1951, George Ival Osborn, while in the employ of petitioner and engaged in a hazardous employment sustained an accidental personal injury arising out of and in the course of his employment causing his death; he left surviving him Lela Osborn, his mother, as his sole and only dependent and as such dependent is entitled to recover compensation in the sum of $13,500 and entered an award in her favor accordingly.   The award was sustained on appeal to the commission en banc.

Petitioner and its insurance carrier bring the case to this court to review this award and rely for vacation of the award on the sole ground that the evidence offered by claimant is insufficient to sustain the finding of the commission that she was a dependent of deceased.

The only evidence offered in the case consists of evidence of claimant.   She testified that deceased met his death at the time and in the manner stated in

her claim. She is a widow and mother of deceased. Her husband died several years ago. George was 18 years of age at the time of his death and was single and had never been married. He was at that time attending school and had part time work while in school; during the summer he was continuously employed. He used his money to buy clothes and other necessaries of life and the balance of his earnings he deposited in a joint account in the bank in his and his mother's name. He had intended to use the money in the bank to complete his education. Claimant had drawn no money from this account until after the death of her son. Since that time she has drawn from the account part of the money. She checked on the account as needed for her support. Up to the time of her son's death she was able to take care of herself. She was the owner of a 'laundry and workshop located in Camargo, Oklahoma, and also has some rental property and some farm land located close to Camargo. Her son, during his lifetime, contributed no money to her support but helped her by working for her in the laundry and workshop.

We think this evidence sufficient to establish dependency. The work performed by deceased in connection with the laundry and workshop owned by claimant, the income of which she used for her support, and the fact that he used his earnings to provide the necessaries of life and to acquire an education, we think, constituted contributions toward the support of his mother; and the fact that he placed his savings in a joint account in his and his mother's name and upon which the mother might check at will indicates an intent on his part to provide future support for his mother.

The death benefit provision of the Workmen's Compensation Law should be broadly and liberally construed in determining the question of dependency. 58 Am. Jur. Workmen's Compensation, §163; Dominik Weisgerber, Sr., v. Work-

men's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482.

The rule above announced follows the rule frequently announced by this court in construing other provisions of the Workmen's Compensation Law.

The fact that claimant up to the time of the death of her son was able to take care of herself does not necessarily preclude her from being classified as a dependent of her deceased son. In Sec. 162, Am. Jur., supra, it is said:

"The purpose of the statute is to provide the workman's dependent in future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing of future support and maintenance seems to be the true criterion as to who are dependents."

See, also, Ross v. Industrial Accident Board, 106 Mont. 486, 80 P. 2d 362. Nor does the fact that she was the owner of the property above mentioned preclude her from being so classified. 58 Am. Jur., Workmen's Compensation, §163; Fennimore v. Pittsburg-Scammon Coal Co., 100 Kan. 372, 164 P. 265.

We think the evidence in this case sufficient to show a reasonable expectation on the part of claimant to receive present and future support from the earnings of her deceased son and therefore sufficient to sustain the finding of the commission that she was a dependent of her deceased son.

The question of dependency under the death benefit provision of the Workmen's Compensation Law is a question of fact for the determination of the State Industrial Commission and its finding on such issue will not be disturbed on review where reasonably supported by competent evidence. Anno. 30 A.L.R. 1277.

Award sustained.

HALLEY, C.J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.