OKLAHOMA STATE HIGHWAY DEPARTMENT and the State Insurance Fund, Petitioners,

v.

George A. PETERS, Lena L. Peters and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37043.

Supreme Court of Oklahoma.

Dec. 20, 1955.

826

Mont R. Powell, Sam Hill, Oklahoma City, for petitioners.

E. Blumhagen, Watonga, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

On the 10th day of May, 1955, George A. Peters filed a claim under the Death Benefit provision of 85 O.S.1951 § 1 et seq. An award was entered by the State Industrial Commission in favor of George A. Peters and Lena L. Peters, his wife, against the State Highway Department and its insurance carrier, the State Insurance Fund, for the full amount of $13,500, and this proceeding is brought to review the award.

The record discloses that Kenneth Otis Peters, hereinafter referred to as Kenneth, son of claimants, was killed April 8, 1955, when struck by an automobile. At the time of his death he was employed as an engineer by the State Highway Department. The claimants are farmers and own 560 acres of land in Blaine County on which they owe $17,000. Kenneth was born July 9, 1936, and lived with his parents and from the time he was able to work had helped with the crops, driving plows, trucks and tractors. He had temporarily left to obtain the job with the Highway Department because of bad crops.

Both claimants testified that Kenneth intended to return later and help harvest the crops. The father testified he promised to help with the indebtedness on the farm and he bought the farm on the agreement of Kenneth to help pay for the farm. The brother of Kenneth testified that he and Kenneth took the combine, owned by the father, north in 1954 and brought back $800 and gave it to their father. At the time of Kenneth's death he was living at home and commuting to work. His mother testified that he was going to rent a cabin at Chelsea but come back later and intended to make his home on the farm and farm for a living. Other witnesses substantially supported the above testimony as to the work performed by Kenneth on the farm.

It was also disclosed that Kenneth had planned to marry in April and perhaps for this purpose had rented a house in Chelsea.

In a single proposition petitioners argue that the claimants were not dependent upon their son Kenneth. They cite in support of this argument, Sample v. State Industrial Commission, Okl., 262 P.2d 889; Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391, and related cases. In Sample v. State Industrial Commission, supra, it is stated [262 P.2d 890]:

"* * * In the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, we discussed these statutory provisions and pointed out that, under the wrongful death statute, 12 O.S.1951 § 1053, as abrogated by the Death Benefit provisions of the Workmen's Compensation Law, the designated persons could have a cause of action and yet not be entitled to recover because of not having sustained a pecuniary loss by reason of the death of the employee. That conclusion was

founded upon the holding therein that, under the Death Benefit provisions of the Workmen's Compensation Law, only those persons could recover who could have recovered under the provisions of 12 O.S.1951 § 1053, prior to the amendment of Art. XXIII, § 7, of the Oklahoma Constitution in 1950."

The evidence in the case under consideration would support an action at law prior to the above referred to amendment. Lakeview, Inc., v. Davidson, 166 Okl. 171, 26 P.2d 760; Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790; Weleetka Cotton Oil Co. v. Brookshire, 65 Okl. 293, 166 P. 408; Foster v. Higgenbotham, 186 Okl. 276, 97 P.2d 63; City of Altus v. Millikin, 98 Okl. 1, 223 P. 851; City of Miami v. Finley, 112 Okl. 97, 240 P. 317. In Foster v. Higgenbotham, supra, it is stated [186 Okl. 276, 97 P.2d 64]:

"Defendants charge error in the instructions as to measure of damages as not being supported by any evidence. The challenged portion of the instruction in substance directed that if the jury found the parents were in a dependent condition and that the disposition of the child, in her relation to her parents, was such that there would be a reasonable expectation that the child would have contributed to her parents' support after her majority, that they might include in their verdict such an amount as they found from a fair preponderance of the evidence was a reasonable expectation of contribution by the child to the support of her parents after her arrival at majority. In Fike v. Peters, 175 Okl. 334, 52 P.2d 700, also an action by parents for damages for the death of a daughter of high school age, and of substantially similar scholastic attainments and dutiful disposition toward her parents, as proven here, this court approved a similar instruction, there declaring the instruction to be supported by Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 462, 138 P. 790, and Weleetka Cotton Oil Co. v. Brookshire, 65 Okl. 293, 166 P. 408. We are of the opinion that sufficient proof was here made to warrant the instruction as given."

In Weleetka Cotton Oil Co. v. Brookshire, supra, we stated [65 Okl. 293, 166 P. 410]:

" 'The loss which a man suffers by the death of a relative may be the loss of something which he was legally entitled to receive, or may be the loss of something which it was merely reasonably probable he would receive. The first description of loss is principally confined to a husband's loss of his wife's services, a wife's loss of her husband's support and services, a parent's loss of the services of a minor child, and a minor child's loss of the support of a parent. But the statutes do not confine the benefit of the action to husbands, wives, minor children and parents of minor children; and hence a person entitled to the benefit of the action may recover damages for the loss of pecuniary benefit to which he was not legally entitled, but which it is reasonably probable he would have received except for the death. * * *' "

They are also dependents under the following cases: International Harvester Co. v. Harris, Okl., 272 P.2d 1046; Okemah Publishing Co. v. Aaron, Okl., 285 P.2d 410; Industrial Const. Co. v. State Industrial Commission, Okl., 266 P.2d 976; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056, 1057. In G. I. Const. Co. v. Osborn et al., supra, it is stated:

"The Death Benefit Provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency. 58 Am.Jur. Workmen's Compensation, sec. 163; Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482.

"The rule above announced follows the rule frequently announced by this court in construing other provisions of the Workmen's Compensation Act.

"The fact that claimant up to the time of the death of her son was able to take care of herself does not necessarily preclude her from being classified as a dependent of her deceased son. In Sec. 162 Am.Jur., supra, it is said:

828

" 'The purpose of the statute is to provide the workman's dependent in future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing of future support and maintenance seems to be the true criterion as to who are dependents.' "

Petitioners argue that Kenneth would have been nineteen years of age on July 9th after his death; that he had planned to marry and in all probability could not have furnished any aid to his parents if he had so desired. Under the rule announced in a number of the above cases this was a question of fact purely for the determination of the State Industrial Commission.

There is competent evidence from which the State Industrial Commission could find that the parents were dependents and there was no error in the award as entered.

Award sustained.

JOHNSON, C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.