Louis SAMPLE, Administrator of the Estate of Scottie Louis Sample, deceased, Louis Sample and Pearl Sample, Plaintiffs in Error,

v.

G. I. CONSTRUCTION COMPANY, a corporation and Merle Nelson, Defendants in Error.

No. 36815.

Supreme Court of Oklahoma.

March 20, 1956.

Rehearing Denied May 2, 1956.

Merle G. Smith, Guthrie, E. S. Collier, Taloga, for plaintiffs in error.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for defendants in error.

DAVISON, Justice.

Plaintiff, Louis Sample, is the administrator of the estate of Scottie Louis Sample, his minor son, who was killed when a road stabilizer motor vehicle crushed him while employed by the defendant, G. I. Construction Company. Plaintiff and his wife filed a claim under the death benefits provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., and this claim was denied because of lack of dependency. Sample v. State Industrial Commission, Okl., 262 P.2d 889.

In the petition filed herein plaintiffs joined Merle Nelson, the driver of the vehicle, and G. I. Construction Company and allege two causes of action, one for wrongful death and one for conscious pain and suffering.

The defendant, G. I. Construction Company, filed a separate demurrer to the jurisdiction of the trial court and set up the order denying the award and final disposition of the order in the foregoing opinion. The trial court sustained the demurrer to the jurisdiction and dismissed the action. Although Merle Nelson, the driver of the vehicle, was joined as defendant he made no appearance in the case and defendant G. I. Construction Company alone demurred to the petition and this appeal involves the alleged error in sustaining the

demurrer of defendant G. I. Construction Company. This court has held that under the provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., the liability for an accidental injury resulting in death is to be determined by the State Industrial Commission and is based on dependency. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056. In Herndon v. Dolton-Barnard Hdw. Co., Okl., 289 P.2d 970, it was held that there was no separate action for pain and suffering.

Plaintiffs recognize the validity of the rule in the above cases but state that since they were denied an award the rule does not apply; that to hold the rule applicable would render the provisions relating to compensation for death unconstitutional. We do not agree. In Sample v. State Industrial Commission, supra, it is stated [262 P.2d 890]:

"* * * In the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, we discussed these statutory provisions and pointed out that, under the wrongful death statute, 12 O.S.1951 § 1053, as abrogated by the Death Benefit provisions of the Workmen's Compensation Law, the designated persons could have a cause of action and yet not be entitled to recover because of not having sustained a pecuniary loss by reason of the death of the employee. That conclusion was founded upon the holding therein that, under the Death Benefit provisions of the Workmen's Compensation Law, only those persons could recover who could have recovered under the provisions of 12 O.S.1951 § 1053, prior to the amendment of Art. XXIII, § 7, of the Oklahoma Constitution in 1950."

In G. I. Construction Co. v. Osborn, supra, a companion case to Sample v. State Industrial Commission, supra, we held [208 Okl. 554, 257 P.2d 1058]:

"We think the evidence in this case sufficient to show a reasonable expectation on the part of claimant to receive present and future support from the earnings of her deceased son and therefore sufficient to sustain the finding of the Commission that she was a dependent of her deceased son."

Sample v. State Industrial Commission, supra, distinguishes G. I. Construction Co. v. Osborn, supra, and held the testimony of the father showed there was no anticipation of future benefits or dependency and therefore claimants sustained no pecuniary loss.

Plaintiff cites Weleetka Cotton Oil Co. v. Brookshire, 65 Okl. 293, 166 P. 408. This case has been cited twice in approving awards under the death benefits of the Workmen's Compensation Law. The last case is Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825, which also cites Foster v. Higginbotham, 186 Okl. 276, 97 P.2d 63; Fike v. Peters, 175 Okl. 334, 52 P.2d 700, cited and relied upon by plaintiffs.

Under the foregoing cases the jurisdiction of the State Industrial Commission is established where an employee sustains an accidental injury arising out of and in the course of the employment. This jurisdiction is established whether the accidental injury results in disability or death and such jurisdiction does not depend on whether an award is granted or denied. This is the sole issue presented by the plaintiffs.

The order sustaining the demurrer and dismissing the action is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.