**OKLAHOMA STATE HIGHWAY DEPART-
MENT and State Insurance Fund,
Petitioners,**

v.

**Loyd NASH, Camilla Nash and the State Industrial Commission, Respondents.**

No. 37213.

Supreme Court of Oklahoma.

May 8, 1956.

Mont R. Powell, Oklahoma City, Jack Baird, Woodward, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Rudolph Hargrave, Wewoka, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On September 8, 1955, Loyd Nash filed his first notice and claim for compensation stating that his son, Jimmy Nash, sustained an accidental injury resulting in death while employed by the State Highway Department. An award was made by the State Industrial Commission for the maximum amount, $13,500, under the death benefit provisions of 85 O.S.1951 § 1 et seq., and this proceeding is brought by the State Highway Department and the State Insurance Fund, hereinafter called petitioners, to review the award. The award was made jointly to Loyd Nash, the father and Camilla Nash, the mother, and they will be referred to hereinafter as claimants.

Loyd Nash testified that he and his wife are school teachers drawing the total amount of $6,800 per year; that they have a daughter who is married and does not at this time live with them; that Jimmy Nash was seventeen years of age at the time of his death and was living at home with his parents; that the son was single and had never been married; that claimants have a home that is mortgaged for a balance due of approximately $4,000; that the son was graduated from high school in May of 1955; that at the time of his death he was employed by the State Highway Department. Loyd Nash further testified that from the age of twelve to the time of his death the son had contributed $2,451.63, which petitioners state is approximately $490 per year; that Loyd Nash builds boats for profit and that he expected his son to continue to help him in the building of boats, which he had done consistently since he started this enterprise and expected his son eventually to go into business with him; that his son had paid numerous items of expense in the upkeep of the household and that he expected him to continue such payments.

The sole issue presented is that there is no competent evidence tending to support the finding of the State Industrial Commission that Loyd Nash and Camilla Nash were dependents of their son. Petitioners point to the amount earned by claimants and cite Sample v. State Industrial Commission, Okl., 262 P.2d 889. Therein this Court sustained the finding of the State Industrial Commission that the parents were not dependent upon the son. The case under consideration differs from Sample v. State Industrial Commission, supra, in that the parents in that case stated that they did not expect their son to make contributions and no contributions had been made by him while in the case at bar not only do the parents show contributions made by the son but Loyd Nash testified that he expected his son to continue the contributions and to continue to help in the boat building. Such evidence was held sufficient in G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056. See, also, Okemah Publishing Co. v. Aaron, Okl., 285 P.2d 410. In G. I. Contruction Co. v. Osborn, supra [208 Okl. 554, 257 P.2d 1057], it is stated:

"The Death Benefit Provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency. 58 Am.Jur., Workmen's Compensation, Sec. 163; Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482."

As stated in Cimarron Tel. Co. v. Nance, 208 Okl. 622, 255 P.2d 931:

"A finding of dependency by the State Industrial Commission under Death Benefits Provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by the evidence."

Therein it is further stated:

"In Tabor v. Industrial Accident Fund, [126 Mont. 240], 247 P.2d 472, it is said:

" 'Under Workmen's Compensation Act, a "dependent" need not be absolutely dependent upon the workman for the necessities of life but need only look to and rely on the contributions of the workman, in whole or in part, as a means of support and maintenance in accordance with his social position and accustomed mode of life.'

"See, also, annotations 100 A.L.R. 1106."

In Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671, 674, we stated:

"It is well established that the Death Benefit Provision of the Workmen's Compensation Law was adopted as a substituted remedy for the Wrongful Death Statute insofar as causes of action arise from death of workers employed in hazardous occupations. The evidence that would establish pecuniary loss to a parent for the death of a minor unmarried son under the Wrongful Death Statute will establish the right of a parent to recover as a dependent heir under the Death Benefit Provision of the Workmen's Compensation Law. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134."

In Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825, 827, it is stated:

"In Weleetka Cotton Oil Co. v. Brookshire, supra, we stated [65 Okl. 293, 166 P. 408, 410]:

" ' "The loss which a man suffers by the death of a relative may be the loss of something which he was legally entitled to receive, or may be the loss of something which it was merely reasonably probable he would receive. The first description of loss is principally confined to a husband's loss of his wife's services, a wife's loss of her husband's support and services, a parent's loss of the services of a minor child, and a minor child's loss of the support of a parent. But the statutes do not confine the benefit of the action to husbands, wives, minor children and parents of minor children; and hence a person entitled to the benefit of the action may recover damages for the loss of pecuniary benefit to which he was not legally entitled, but which it is reasonably probable he would have received except for the death. * * " ' "

In Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391, we held that the relationship between a mother and an adult male child prior to the death of the mother did not disclose dependency.

If the claimants could have recovered in an action at law they were entitled to an award under the Death Benefit Provision of the Workmen's Compensation Law. Capitol Steel & Iron Co. v. Fuller, and Oklahoma State Highway Department v. Peters, supra.

From the above evidence it is disclosed that the contributions of the son to the claimants were substantial and that claimants had a reasonable expectation of future contributions which constituted dependency sufficient to sustain an action at law. It therefore is sufficient to sustain an award on the ground of dependency under the Workmen's Compensation Law.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON and JACKSON, JJ., concur.

BLACKBIRD, J., concurs by reason of stare decisis.

HUNT, J., dissents.