GROSS DRILLING COMPANY, a corporation, and Bituminous Casualty Corporation, a corporation, Petitioners,

v.

Gerald LAY, Administrator of the Estate of Charles Baker, Deceased, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37850.

Supreme Court of Oklahoma.

Nov. 5, 1957.

Rehearing Denied Dec. 4, 1957.

Robert D. Crowe, Oklahoma City, for petitioners.

Howard C. Triggs, L. D. Hoyt, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

WILLIAMS, Justice.

Gerald Lay, administrator of the estate of Charles Baker, deceased, filed a death claim under the provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., in which he states that Charles Baker, while employed by the Gross Drilling Company, employer, sustained an accidental injury arising out of his employment resulting in death May 9, 1956. An award was made for the maximum amount of $13,500 and this proceeding is brought by the employer and its insurance carrier, Bituminous Casualty Corporation, hereinafter called petitioners, to review the award.

Although the proceeding is by the administrator, for convenience Earl Baker shall be referred to as the claimant since under the award he is the beneficiary and declared dependent.

The cause of death is not an issue. The sole question presented is that of the dependency of Earl Baker. The record discloses that Charles Baker was one of four brothers and three sisters. At the time of the death of Charles Baker on May 9, 1956, he was forty-six years of age. Claimant was fifty-one. Claimant is deaf, dumb and blind and has been since early childhood. He is now drawing approximately $80 per month from the Welfare Fund of the State of Oklahoma, and in addition to this, he makes a small amount working for the Blind Institute. This amount has been as low as $15 and never exceeds in any month the sum of $25. He also received approximately $1,300 from the estate of his deceased sister. He pays $25 per month for a room in a hotel in Oklahoma City where he has lived for the last three years. The record further discloses that for a period of fifteen or twenty years the brothers and sisters have carried out a plan under which claimant has lived with and been cared for by one of them at alternate periods.

Charles served in World War II and married about 1946. He was thereafter divorced and lived with a widowed sister who was ill until her death. He was her main support. She preceded Charles in death by six months.

It is the position of petitioners that for the past three years none of the brothers or sisters have contributed to the support of claimant; that Charles was supporting his

sister and made no substantial contributions to the support of claimant; that claimant is therefore not a dependent of Charles within the meaning of 85 O.S.1951 § 1 et seq., providing for compensation in death cases. The record is replete with conflicting testimony as to how much in the last three or four years Charles contributed to claimant. Mention is made of payments of $5 or $10 at particular periods and medicine furnished and paid for claimant and a hearing aid furnished partly by Charles. We think it unnecessary to enumerate all the many details that tend to establish that Charles made substantial contributions to claimant in the past and that there was a strong probability that he would contribute substantially to the future support of claimant. We are of the opinion that the amount of material aid or money given to claimant by Charles in the last three years is not necessarily controlling. It was disclosed that the brothers and sisters had a plan, carried out and intended to continue, which plan was to supply the needs and comforts of claimant. It is a matter of common knowledge that approximaetly $100 per month could not in all circumstances cover the needs and comforts of claimant. We think it is significant that claimant testified he looked to Charles for financial assistance. From the testimony of the other brothers and sisters it is learned that Charles and claimant were very much attached to each other. After the death of his sister with whom he lived, it was most probable that Charles in distinction to the remaining brothers and sisters would contribute to the welfare of Earl for Charles was single and gainfully employed.

We shall first refer to the cases cited by petitioners. In Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391, a grown son, able and capable of making his own way and making more than his widowed mother was held not a dependent of the mother. In Sample v. State Industrial Commission, Okl., 262 P.2d 889, 890, a father whose testimony was quoted in the opinion to show that he did not expect the aid of a minor son who was killed was held not a dependent.

In Sample v. State Industrial Commission, supra, it is stated:

"* * * In the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, we discussed these statutory provisions and pointed out that, under the wrongful death statute, 12 O.S.1951 § 1053, as abrogated by the Death Benefit provisions of the Workmen's Compensation Law, the designated persons could have a cause of action and yet not be entitled to recover because of not having sustained a pecuniary loss by reason of the death of the employee. That conclusion was founded upon the holding therein that, under the Death Benefit provisions of the Workmen's Compensation Law, only those persons could recover who could have recovered under the provisions of 12 O.S.1951 § 1053, prior to the amendment of Art. XXIII, § 7, of the Oklahoma Constitution in 1950."

In Foster v. Higginbotham, 186 Okl. 276, 97 P.2d 63, 64, it is stated:

"Defendants charge error in the instructions as to the measure of damages as not being supported by any evidence. The challenged portion of the instruction in substance directed that if the jury found the parents were in a dependent condition and that the disposition of the child, in her relation to her parents, was such that there would be a reasonable expectation that the child would have contributed to her parents' support after her majority, that they might include in their verdict such an amount as they found from a fair preponderance of the evidence was a reasonable expectation of contribution by the child to the support of her parents after her arrival at majority. In Fike v. Peters, 175 Okl. 334, 52 P.2d 700, also an action by parents for damages for the death of a daughter of high school age, and of substantially

similar scholastic attainments and dutiful disposition toward her parents, as proven here, this court approved a similar instruction, there declaring the instruction to be supported by Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 462, 138 P. 790, and Weleetka Cotton Oil Co. v. Brookshire, 65 Okl. 293, 166 P. 408. We are of the opinion that sufficient proof was here made to warrant the instruction as given."

In Weleetka Cotton Oil Co. v. Brookshire, supra [65 Okl. 293, 166 P. 410], it is stated:

" 'The loss which a man suffers by the death of a relative may be the loss of something which he was legally entitled to receive, or may be the loss of something which it was merely reasonably probable he would receive. The first description of loss is principally confined to a husband's loss of his wife's services, a wife's loss of her husband's support and services, a parent's loss of the services of a minor child, and a minor child's loss of the support of a parent. But the statutes do not confine the benefit of the action to husbands, wives, minor children and parents of minor children; and hence a person entitled to the benefit of the action may recover damages for the loss of pecuniary benefit to which he was not legally entitled, but which it is reasonably probable he would have received, except for the death. * * *' "

Claimant was also a dependent under the following cases: International Harvester Co. v. Harris, Okl., 272 P.2d 1046; Okemah Publishing Co. v. Aaron, Okl., 285 P.2d 410; Industrial Const. Co. v. State Industrial Commission, Okl., 266 P.2d 976; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056; Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931; and Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412.

In G. I. Construction Co. v. Osborn, supra [208 Okl. 554, 257 P. 1057], it is stated:

"The Death Benefit Provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency. 58 Am.Jur. Workmen's Compensation, Sec. 163; Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482.

"The rule above announced follows the rule frequently announced by this court in construing other provisions of the Workmen's Compensation Act.

"The fact that claimant up to the time of the death of her son was able to take care of herself does not necessarily preclude her from being classified as a dependent of her deceased son. In Sec. 162 Am.Jur., supra, it is said:

" 'The purpose of the statute is to provide the workman's dependent in future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing of future support and maintenance seems to be the true criterion as to who are dependents.' "

█ It is impractical to review all of the evidence disclosing dependency including the fact that claimant lived with Charles in his home at least twice.

Petitioners refer to the aid given claimant in the last few years as small and spasmodic. In the last three years it may in a sense appear to be small but we do not find it spasmodic. We rather find it indicative of an intent to see that all the needs and comforts of claimant were supplied.

██ In Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825, 826, it is stated:

"A finding by the State Industrial Commission of the dependency under the Death Benefit provision of the

Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by competent evidence."

The record contains competent evidence that claimant was a dependent within the meaning of the Death Benefit provision of the Workmen's Compensation Act.

Award sustained.

WELCH, C. J., CORN, V. C. J., and HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.