**ROBBERSON STEEL COMPANY, a Corporation, and Liberty Mutual Insurance Company, a Corporation, Petitioners,**

**v.**

**STATE INDUSTRIAL COURT and Mr. and Mrs. J. T. Shackford, Respondents.**

**No. 38974.**

Supreme Court of Oklahoma.

July 6, 1960.

Rhodes, Crowe, Hieronymus & Holloway, by A. G. Crowe, Oklahoma City, for petitioners.

Mart Brown, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Claimants, J. T. Shackford and Virginia Shackford, parents of J. T. "Jody" Shackford, Jr., deceased, obtained an award under the Death Benefit provision of the Workmen's Compensation Act for the maximum statutory amount of $13,500. The employer and its insurance carrier, hereinafter referred to collectively as petitioner, invoke the reviewing cognizance of this court.

■ The material facts in the record were not in dispute. The sole question submitted for our determination in the instant proceeding is whether there is competent evidence to support the challenged finding of the trial tribunal that claimants were dependents of their deceased son within the purview and meaning of the Workmen's Compensation Act. 85 O.S.1951 §§ 3.1(1) and 22, subd. 7.

Jody, a boy 19 years of age, was killed in the late summer of 1958, when accidentally electrocuted upon coming in contact with an exposed high-voltage conductor at petitioner's plant in Oklahoma City. The eldest of four children, Jody was single and lived with his parents. He had completed two years of academic work toward a degree in nuclear physics at Duke University, and was to resume his study the following fall.

Claimants are both engaged in gainful occupation; the father is an associate pastor, and the mother is employed by the same church as its Director of Music. The family came to this state approximately eight months before the accident. Rev. Shackford had previously had under his charge small rural congregations where the responsibilities of a pastor included of necessity all phases of upkeep, maintenance and even janitorial work around the church and parsonage. The salary was modest. To save on the purchase of provisions the family cultivated a sizeable garden.

From his early childhood Jody had been of considerable aid to his parents. He maintained the lawn, worked in the garden and helped with cleaning the house and the premises. As he grew older he developed into a talented musician exhibiting proficiency with several instruments. Jody assisted in the pastor's programs at fellowship and Sunday School meetings by playing the piano. He taught music to smaller children earning over a dollar per lesson. An able projectionist, the boy was of service to his father in presenting lectures by audio-visual method. Not less skilled with tools, he once designed and built a large patio for the use of the pastor's family and his congregation.

Since attaining the age of 17 (in 1956), he had engaged in gainful employment during every summer vacation. The second year Jody was earning $1.35 an hour working in a tobacco processing plant. The father had guided him in developing judicious spending habits without exercising direct control over the boy's wages. Jody was instructed to use only some of his money for incidental needs. The balance was to be deposited in his bank account to apply on educational expenses. At the boy's death most, if not all, of the pay checks received from petitioner were found among his effects at home. While on vacation Jody frequently ran errands for his father, and baby sat with the younger children. Occasionally he purchased things for the home. It is conceded that the deceased was conscientious, obedient, dutiful, industrious and thrifty. Possessed of an exceptionally high intelligence, his scholastic record, both in high school and college, was well above average. The evidence as a whole presents a wholesome and edifying picture of filial devotion.

Petitioner asserts there is nevertheless an entire absence of evidence tending to show that claimants were in any manner dependent upon their deceased son. It is urged: (a) decedent had not contributed anything of a monetary nature to the support of his parents; (b) decedent had not engaged in any work inuring to the pecuniary benefit of the parents; (c) all of decedent's earnings were to be used solely for his own education; (d) the parents were both employed and did not need his support.

■ A claimant who as a "dependent" seeks to recover death benefits under the Workmen's Compensation Act is not required to establish the status of a present total and absolute reliance upon the deceased workman for the necessities of life. Cimarron Telephone Co. et al. v. Nance et al., 208 Okl. 622, 255 P.2d 931; Industrial Construction Co. v. State Industrial Commission, Okl., 266 P.2d 976; Okemah Publishing Company v. Aaron, Okl., 285 P.2d 410; Dierks Forests, Inc. v. Parnell, Okl.,

331 P.2d 392, and Stubblefield v. Sebastian, Okl., 340 P.2d 265.

■ In G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056, 1057, it is stated:

"The Death Benefit Provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency, 58 Am.Jur. Workmen's Compensation, Sec. 163; Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482. * * *

"The fact that claimant up to the time of the death of her son was able to take care of herself does not necessarily preclude her from being classified as a dependent of her deceased son. In Sec. 162, Am.Jur., Supra. it is said:

" 'The purpose of the statute is to provide the workman's dependent in future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing of future support and maintenance seems to be the true criterion as to who are dependents.' "

■ The purpose of this legislation (85. O.S.1951 §§ 3.1(1) and 22, subd. 7) was to provide a substituted remedy for the Wrongful Death Statute insofar as causes of action arise from death of workmen employed in hazardous occupations. The quantum of evidence necessary to establish a pecuniary loss to a parent for the death of a minor unmarried child under the Wrongful Death Statute, 12 O.S.1951 §§ 1053, 1054, is deemed equally sufficient to support the right of a parent to recover as a dependent heir under the Death Benefit Provision of the Workmen's Compensation Law. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671; Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825; Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412, and G. I. Construction Co. v. Osborn, supra.

In Oklahoma State Highway Department v. Peters, supra, it is stated (at page 827 of 291 P.2d:)

"In Weleetka Cotton Oil Co. v. Brookshire, supra, we stated (65 Okl. 293, 166 P. 408, 410:)

" ' "The loss which a man suffers by the death of a relative may be the loss of something which he was legally entitled to receive, or may be the loss of something which it was merely reasonably probable he would receive. The first description of loss is principally confined to a husband's loss of his wife's services, a wife's loss of her husband's support and services, a parent's loss of the services of a minor child, and a minor child's loss of the support of a parent. But the statutes do not confine the benefit of the action to husbands, wives, minor children and parents of minor children; and hence a person entitled to the benefit of the action may recover damages for the loss of pecuniary benefit to which he was not legally entitled, but which it is reasonably probable he would have received except for the death. * *" ' "

The evidence concededly established that Jody had consistently followed an undeviating pattern of valuable and devoted service to the welfare of his parents. Both claimants related facts showing Jody's dutiful disposition in his relation to them. With great assurance they testified that there was every reason to believe the boy, upon graduation as nuclear physicist, would have provided them with necessary and expected help in educating the younger children, and would have favorably responded to their other needs in every respect.

The record is sufficient to sustain the finding of dependency under the Workmen's Compensation Law. Oklahoma State-

Highway Department **v.** Nash, supra; Oklahoma State Highway Department **v.** Peters, supra, and Pawhuska Feed Mills **v.** Hill, supra.

Petitioner relies on Sample v. State Industrial Commission, Okl., 262 P.2d 889, and other related decisions of similar import, in which this court sustained the finding of the trial tribunal that the parents were not dependent upon their deceased child. These cases are distinguishable from the present as there was no evidence tending to show a reasonable future expectancy and reliance upon the decedent for support; nor were past services or contributions of the child to its parents sufficiently established. Oklahoma State Highway Department **v.** Nash, supra.

The question of dependency under the Death Benefit provision of the Workmen's Compensation Act is one of fact for the determination of the State Industrial Court, whose finding on such issue will not be disturbed on review where reasonably supported by competent evidence. G. I. Construction Co. v. Osborn, supra.

Award sustained.